BOWLING, Justice, for the Court:
Appellant was indicted on two counts of burglary.[1] Appellant confessed to stealing some five cases of beer from a railroad ear. In pre-trial plea negotiations, the district attorney’s office made an offer to recommend a seven year sentence in exchange for pleas of guilty to both charges; this offer was rejected by appellant. Appellant gained release from jail on a bail bond and did not appear for trial. He was later apprehended and placed in the Biloxi Jail. While awaiting trial, in November 1983, appellant was injured in the Biloxi Jail fire, which was allegedly set by another prisoner. As a result of these injuries appellant *1311 filed a civil suit for damages against the county in Federal District Court.
On three occasions during pre-trial plea negotiations, the prosecutors warned appellant that if he did not drop his federal suit pending against the county, he would be prósecuted as a recividist. Because of appellant’s prior violent convictions in Illinois, [which include burglary, larceny, escape, and three counts of armed robbery], conviction for burglary would result in a sentence of life imprisonment without parole. Appellant rejected this offer, was tried and convicted as a recidivist and sentenced to life imprisonment.
His sole assignment of error on this appeal is prosecutorial misconduct.
Appellant relies on the cases of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and Black-ledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). However, these cases are readily distinguishable as they deal with enhanced charges and/or sentences in retaliation for a defendant’s appeal.
The United States Supreme Court dealt with prosecutorial vindictiveness in a pre-trial setting for the first time in Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). There, the defendant refused to plead guilty to a felony indictment for forgery, punishable by a two to ten year sentence; the state carried out a threat made during plea bargaining and had the defendant re-indicted under the habitual criminal statute, subjecting him to a mandatory life sentence upon conviction. A conscious exercise of selectivity of enforcement is not in itself a federal constitutional violation, so long as the selection is not based on an unjustifiable standard, such as race, religion or other arbitrary classification.
Likewise, a case dealing with prosecuto-rial vindictiveness in a pre-trial setting is United States v. Goodwin, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). There the defendant rejected various misdemean- or plea bargaining offers, requesting a jury trial. The prosecutor then sought a felony indictment for the same offense, upon which the defendant was subsequently convicted and sentenced. The Court stated that the presumption of prosecutorial vindictiveness applies only where a reasonable likelihood of such exists. This rarely occurs in a pre-trial setting, especially where the duty imposed on the prosecutor is to punish criminals.
In the case at bar, the original indictment contained all the necessary elements to convict appellant as a violent habitual offender. It lists appellant’s prior convictions, the terms he was sentenced to, and the time .he actually served. It is not disputed that he is guilty of the crime charged,, nor that he was properly charged and sentenced under our recidivist statute. While the prosecutor’s offer was heavy-handed, it should be noted that appellant rejected it. His access to the courts for his civil suit has not been denied.
It should be noted that appellant filed a civil suit for damages in federal district court against the prosecutors in this case. McGruder v. Necaise, 733 F.2d 1146 (5th Cir.1984). That Court cited Imbler v. Pachtman, 424 U.S. 409, 96. S.Ct. 984, 47 L.Ed.2d 128 (1976), which held that prosecutors enjoy absolute immunity from liability under Section 1983 for alleged civil rights violations (free and equal access to courts) committed in the course of initiating and presenting the state’s case. That court went on to say:
These defendants allegedly used their prosecutorial powers to threaten McGru-der into dismissing his damages suit. McGruder therefore argues that their activities were not those of a prosecutor seeking to punish and deter crime, but of an agent of the county seeking to intimidate a citizen in his exercise of constitutional rights. Such a motivation would be reprehensible and such threats abho-rent, but they do not lift the decision to maintain a criminal prosecution from the prosecutorial activities protected by Imbler. See Boyd v. Adams, 513 F.2d 83, (7th Cir.1975). (anticipating Imbler test; *1312 dismissal of charges in return for release was within immunity).
Our language in Henzel v. Gerstein, 608 F.2d 654, 657 (5th Cir.1979), is not to the contrary. The prosecutor in that case allegedly acted with the same motive as Necaise and Henry — to intimidate Henzel into agreeing not to sue state officials. But the Henzel prosecutor’s activities — conditioning parole on an agreement not to sue — were not those protected by Imbler. In contrast, Henry and Necaise sought to “persuade” with their prosecutorial power, and therefore remained within the field of their prose-cutorial immunity. (Emphasis added).
733 F.2d at 1154.
That Court also noted that appellant failed to establish the existence of an arbitrary class. Appellant’s rejection of the offer reflects the give and take nature of plea negotiations referred to by the Supreme Court. It should be noted that appellant received a fair trial, was convicted and properly sentenced under the recidivist statute and he was not denied access to the courts to file his civil suit. Thus reversible error was not committed and the decision below is affirmed.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.

. Appellant had stolen several cases of beer from a distributor’s truck within several days of the burglary of the railroad car. A separate appeal is pending in this Court for that second conviction.