736 So.2d 1069 (1999)
Madison HANDFORD, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01051-COA.
Court of Appeals of Mississippi.
February 23, 1999.
Rehearing Denied May 18, 1999.
*1070 Jerry L. Bustin, Forest, Attorney for Appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, Attorney for Appellee.
BEFORE McMILLIN, P.J., DIAZ, KING, AND PAYNE, JJ.
PAYNE, J., for the Court:

PROCEDURAL HISTORY
¶ 1. Madison Handford, Jr., was indicted on one count for the delivery of cocaine and on a second count for the possession of cocaine with intent to sell. After a trial by jury, the defendant was found guilty of possession with intent to sell and sentenced by the trial judge to fifteen years the first ten to run consecutively with Handford's previous convictionthe remaining five years to run concurrently with the previous conviction. After denial of post-trial motions, a notice of appeal was timely filed.

FACTS
¶ 2. On May 29, 1991, Officer Faron Gardner and confidential informant (C.I.) Douglas Nichols orchestrated a cocaine purchase from Madison Handford. Prior to the purchase, Officer Gardner gave the C.I. five $10 dollar billswith the serial numbers recorded. The C.I. was fitted with an electronic transmitting device. Soon thereafter, the C.I. entered Handford's house and asked for some cocaine. Handford exchanged money for a "rock."
¶ 3. After the exchange, Officer Gardner met with the C.I. The two returned to a church where the officer retrieved the cocaine and the listening device. A search warrant was subsequently issued to the officer and executed on Handford's residence. The search recovered sixteen rocks of cocaine which were contained in a matchbox. Handford, who had left his residence prior to the search, was found and taken into custody a short time later. Found on Handford after his arrest were three $10 dollar bills with serial numbers matching those that the Officer Gardner had given the C.I. to employ in the sting operation.
¶ 4. Due to the confusion stemming from the defendant's previous conviction on similar grounds, similar cause numbers, and a *1071 new circuit clerk, the record was lost but subsequently found.

ISSUES PRESENTED
¶ 5. As a preliminary matter, the issues as presented, are taken directly from the appellant's brief.

I. WHETHER THE TRIAL COURT ERRED STACKING SENTENCE IN SCOTT COUNTY CIRCUIT CAUSE NUMBER 4352 CONSECUTIVE TO SENTENCE IN SCOTT COUNTY CIRCUIT CAUSE NUMBER 4351, DEFENDANT BEING AN ELDERLY, SICKLY MALE, THE TWO CONSECUTIVE TERMS BEING OVER 20 YEARS (THIRTEEN LESS THREE, PLUS FIFTEEN LESS FIVE), SAME BEING TANTAMOUNT TO A LIFE SENTENCE, AND BEING MANIFESTLY DISPROPORTIONATE TO THE CRIME CHARGED, AND CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION.
¶ 6. The thrust of Handford's first argument centers on his age in comparison to the sentence imposed. Although Handford's age is not disclosed in the record, he argues that terms such as "middle age" and "sickly" necessarily conclude that twenty years is quite beyond his reasonable life expectancy. There is no proof of age in the record and no citation of authority in his brief to support his contention in regard to the sentence. Thus, we disagree with the argument Handford presents and find it difficult to rule in his favor on this issue.
¶ 7. Notwithstanding the fact that Handford has failed to place his age in the record, had Handford recorded his age in the trial transcripts, his argument may likely have claimed that the sentence imposed was reasonably calculated to be nothing less than a life sentence.
¶ 8. In cases where the judge has in effect sentenced the defendant to a term of years that is basically a life sentence, the rule that governs in Mississippi is the one set out in the case of Stewart v. State, 372 So.2d 257, 259 (Miss.1979). The rule states, "the trial court will make a record of and consider all relevant facts necessary to fix a sentence for a definite term [of years] reasonably expected to be less than life. The court should consider the age and life expectancy of the defendant and any other pertinent facts which would aid in fixing a proper sentence." Id. at 259.
¶ 9. While we have not been notified of Handford's age, there is some evidence which calls our attention to this matter. One officer stated "What's a man your age doing selling drugs?"
¶ 10. In Wilson v. State, 390 So.2d 575 (Miss.1980), the appellant argued that he was approximately fifty years old with a twenty-two year life expectancy. He stated that the sentence imposed was not reasonably expected to be less than a life sentence. Id. at 580. The court affirmed this sentence, stating that the sentence was not excessive. Id.
¶ 11. As noted above, Handford's age is not mentioned in the record. Thus, we are left to address this argument by discerning what "pertinent facts ... would aid in fixing a proper sentence" and whether the sentence imposed is within the statutory guidelines. A pertinent fact which would aid in fixing a proper sentence includes the fact that Handford had been previously sentenced to serve in the penitentiary for the sale of cocaine and apparently performed this task as a means of producing income.
¶ 12. For sentencing purposes, Miss.Code Ann. § 41-29-139(b)(1) (Supp. 1998) allows for the maximum of thirty years and a million dollar fine. Handford was sentenced well within that guideline. The power to prescribe penalties to be exacted from those committing acts which are unlawful under the criminal laws of this state is vested entirely with the Mississippi Legislature. "Purely and simply, *1072 our Legislature fixes the punishments for crimes." Gabriel v. Brame, 200 Miss. 767, 773, 28 So.2d 581, 583 (1947). Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute. Reynolds v. State, 585 So.2d 753, 756 (Miss.1991) (citing Reed v. State, 536 So.2d 1336, 1339 (Miss.1988)). The defendant was sentenced well within the guidelines and finding such, this citation of error has no merit.

II. WHETHER GOVERNMENTAL DELAY IN PRESENTING THE APPEAL RECORD, A RECORD EITHER LOST OR PURLOINED WITH NEARLY A TEN YEAR LAPSE BETWEEN CRIME AND APPEAL, PREJUDICED THE DEFENDANT AND VIOLATED THE SPIRIT OF SIXTH AMENDMENT SPEEDY APPELLANT REVIEW, SUCH RECORD SWITCHEROO RESULTING IN HAZED MEMORIES AND LOST EXHIBITS (EXHIBIT 2-5 MISSING, INCLUDING THE ALLEGED MARKED MATCHBOX).
¶ 13. Handford next argues that the State deliberately lost or intentionally hindered his attempt to perfect his appeal and submits that the "complete record with exhibits" cannot be produced. Handford complains that several exhibits are missing from the record, yet does not direct our attention to those exhibits or what information those exhibits contain. As stated in Handford's brief, "the record mysteriously disappeared, its disappearance casting long shadows and graveyard suspicions." Handford cites as his authority Quarles et. al. v. Heirne, 70 Miss. 259, 12 So. 145 (1892) for his argument. Quarles says:
Where the original papers in a suit are lost or destroyed by the prevailing party, so that the opposite party is precluded from having a transcript made for his appeal, the appellate court will grant a rule on such prevailing party to show cause why the decree shall not be reversed if the papers are not produced.
¶ 14. Concerning the record, "It is... an appellant [who] is responsible for bringing ... a record of trial proceedings sufficient to undergird his assignments of error." Winters v. State, 473 So.2d 452, 457 (Miss.1985).
¶ 15. The State denies intentionally attempting to hide the record, stating that an innocent mistake was made by the circuit clerk. On February 19, 1998, the circuit judge noted that the circuit clerk of Scott County had apparently mailed the wrong transcript concerning this matter. According to the trial judge, this record was "innocently lost."
¶ 16. In the case presented today, Handford was not precluded from his trial transcripts, and the transcripts were prepared for him when they were discovered. Furthermore, the record is void of any evidence which would imply that the State has acted in bad faith or intentionally impeded justice. That being said, Handford has failed to supply this Court with case law which would require that we reverse and render his case.

III. WHETHER THE TRIAL COURT ERRED BY ADMITTING OVER STRENUOUS FIFTH AMENDMENT OBJECTIONORAL STATEMENT ALLEGEDLY GIVEN BY THE CEREBRALLY ANAEMIC, MORONIC DEFENDANT, AT SECRET INTERVIEW HELD AFTER THE PRELIMINARY HEARING WHEN DEFENDANT HAD AN ATTORNEY, SAID INTERVIEW CONDUCTED BY A SIX-FIVE, 275 POUND, HERCULEAN NARCOTIC OFFICER WHO TRICKED THE DEFENDANT INTO REMARK BY QUIZZING HIM ABOUT A PERSONAL HISTORY, THE NARCOTIC OFFICER ASKING: "WHAT'S A MAN YOUR AGE DOING SELLING DRUGS?" AND DEFENDANT ALLEGEDLY REPLYING, "I CAN'T *1073 GET ON WELFARE ... I GOT TO MAKE A LIVING."
¶ 17. The essence of Handford's next citation of error centers on a statement made by the defendant to a narcotics officer. As stated by the defendant in his brief, "The narcotic (sic) officer knew Defendant had an attorney at the time but he chose to disregard it." Citing Reuben v. State, 517 So.2d 1383, 1389 (Miss.1987) as authority for the proposition that it is impermissible to question a defendant at the police station after the defendant invoked his right to counsel, Handford argues that such a "flagrant, calculated, premeditated and quasi-criminal" act by the officer is close to an indictable action. Presumably, Handford requests that this statement be stricken, though we are uncertain of what relief is sought.
¶ 18. The State submits that the defendant was taken to the booking station, issued his Miranda warning, then one officer asked, "What's a man your age doing selling drugs?" The defendant replied that he owned property, wasn't allowed to have welfare, thus he needed to make a living.
¶ 19. This type of questioning by the officer is not permissible and thus error has occurred. However the Mississippi Supreme Court, adopting the ruling of the United States Supreme Court, reasoned, "That there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring automatic reversal of the conviction." Cannaday v. State, 455 So.2d 713, 724 (Miss.1984) (citing Chapman v. California, 386 U.S. 18, 22, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967)). In Cannaday, the supreme court, "declar[ed] that such error was harmless ... in view of the overwhelming evidence presented against Mr. Cannaday." Id. at 724.
¶ 20. The record reveals evidence which is overwhelming. The C.I. purchased the cocaine from Handford with five marked $10 dollar bills. A narcotics agent listened to the entire event take place. The single rock purchased from Handford was recovered from the C.I. A subsequent lawful search of Handford's house recovered a matchbox containing sixteen rocks of cocaine. The subsequent arrest of Handford recovered three of the marked $10 dollar bills. Following these events, the Mississippi Crime Laboratory confirmed that these "rocks" were in fact cocaine.
¶ 21. Because the amount of evidence is overwhelming, we find that the error committed by the officer was harmless.

IV. WHETHER THE TRIAL COURT ERRED BY DENYING A CONTINUANCE WHEN TWO NECESSARY DEFENSE WITNESSES MYSTERIOUSLY FAILED TO SHOW ON THE MORNING OF TRIAL, SUBPOENAS TIMELY ISSUED SUCH WITNESSES PASSING THE POLYGRAPH, MAKING A CRIMINALLY IMPEACHING STATEMENT AGAINST THE STATE'S CASE, FARON GARDNER, "CHOCTAW," AND HIS SIDE-KICK, JOHNNY NICHOLS, "RABBIT."
¶ 22. The defendant next argues that the trial court denied a continuance and gave no assistance toward securing two defense witnesses who would impeach the State's chief witness. Though he does not state what relief he requests, he does imply through case law that the error is reversible.
¶ 23. Found within the recordin a motion for continuanceis information concerning what the witnesses might have stated. Handford's attorney implies through this motion that these witnesses would incriminate the State's witnesses by stating that confidential informant Nichols and Officer Gardner voluntarily sold drugs.
¶ 24. The State submits that the standard of review "to grant or deny a motion for continuance is within the sound discretion of the trial court and will not be *1074 grounds for reversal unless shown to have resulted in manifest injustice." Coleman v. State, 697 So.2d 777, 780 (Miss.1997). The State argues that the witnesses sought were not involved in the defendant's arrest, nor were they involved in the activities leading up to or following his arrest. According to the State's brief, the testimony of these witnesses had no relevance to this case.
¶ 25. Because these witnesses had nothing to do with Handford's arrest, and because the proffer that was made was not germane to the central issue of whether Handford did or did not possess cocaine with the intent to sell, we find this citation of error to be void of merit.

V. WHETHER THE TRIAL COURT ERRED BY DENYING MOTION FOR A NEW TRIAL, THE VERDICT RETURNED BEING AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE, THE ONLY EVIDENCE TO SUSTAIN A VERDICT OF POSSESSION ONLY BEING (A) AGENT HARRISON'S ORAL STATEMENT WHICH VIOLATED THE EIGHTH AMENDMENT, AND (B) THE LOST "MATCHBOX" NOW OUTSIDE APPELLANT REVIEW, A PIECE OF EVIDENCE WHICH TOTALLY FAILS TO CONSTRUCTIVELY INCRIMINATE THE DEFENDANT SINCE THREE OTHER PEOPLE LIVED IN THE HOUSE, ONE A KNOWN DRUG DEALER.
¶ 26. Handford next argues that the trial court erred in denying his Motion for a New Trial due to the admittance of the incriminating statement by Handford to the officer. Handford also notes that he did not have constructive possession of the cocaine, and he also submits that this Court does not have to consider evidence unconstitutionally obtained and evidence which is inadmissible.
¶ 27. Concerning the issue of constructive possession, the State submits that the selling of the single rock of cocaine to the C.I. establishes actual possession and is sufficient in and of itself to support the conviction of Handford. Furthermore, Hamburg v. State, 248 So.2d 430, 432 (Miss.1971) says that, "One who is the owner in possession of the premises ... is presumed to be in constructive possession of the articles found in or on the property possessed."
¶ 28. Concerning the weight of the evidence, the Mississippi Supreme Court has held that "[t]he jury is charged with the responsibility of weighing and considering the conflicting evidence and credibility of the witnesses and determining whose testimony should be believed." McClain v. State, 625 So.2d 774, 781 (Miss.1993). Furthermore, "the challenge to the weight of the evidence via motion for a new trial implicates the trial court's sound discretion." Id. (citing Wetz v. State, 503 So.2d 803, 807-08 (Miss.1987)). The decision to grant a new trial "rest[s] in the sound discretion of the trial court, and the motion [for a new trial based on the weight of the evidence] should not be granted except to prevent an unconscionable injustice." Id. This Court will reverse only for abuse of discretion, and on review will accept as true all evidence favorable to the State. Id.
¶ 29. In the present case, the jury heard Grady Downey, a forensic scientist with the East Mississippi Crime Laboratory, testify that the rock-like substance was cocaine. The jury also heard testimony from Douglas Nichols, the confidential informant (C.I.). Nichols stated that he met with Officer Faron Gardner near a church before he preceded to Handford's house. Nichols stated that he knocked on Handford's door, was asked to come in, then purchased cocaine. Subsequently to the purchase of cocaine, Nichols returned to the church and gave Officer Gardner the substance.
¶ 30. Officer Faron Gardner testified that he met with Nichols near a church, gave Nichols five $10 dollar bills, and provided *1075 Nichols with a body transmitter. After the transaction took place, he [Gardner] met Nichols back at the church, where he [Gardner] received the cocaine. Subsequently to those events, Officer Gardner applied for and received a search warrant. Thereafter, the search warrant was executed and sixteen rocks of cocaine were confiscated in Handford's house. The jury also heard Handford verbally refute any answer he may have made to the officer concerning the fact that he could not receive welfare and needed income.
¶ 31. The jury heard each witness and the evidence as presented by both the State and the defense. Furthermore, the jury viewed and analyzed the evidence presented and decided that Handford was guilty. After reviewing the record, we find evidence which is sufficient to allow the jury to deliberate on the issue of whether Handford did in fact commit this act, and we find the weight of the evidence sufficient to warrant affirming the decision that the jury made.
¶ 32. Having stated such, we find this citation of error to be without merit.

VI. WHETHER THE TRIAL COURT ERRED IN DENYING THE MOTION FOR A NEW TRIAL, SINCE THE VERDICT OF THE JURY WAS AT VARIANCE WITH THE INDICTMENT AND INSTRUCTIONS, THE VERDICT FOR POSSESSION ONLY, THERE BEING NO INSTRUCTIONAL TO SUCH CRIME, THE COURT INSTRUCTING TO POSSESSION WITH INTENT TO SELL, THE TRIAL JUDGE RELUCTANTLY GRANTING STATE'S INSTRUCTION NUMBER S-1 AND STATING INTO THE RECORD THERE WAS NO PROOF OF INTENT TO SELL, AND THERE BEING NO LESSER OR INCLUDED INSTRUCTION.
¶ 33. Handford's final assignment of error is based upon the fact that the verdict contradicts the indictment and jury instruction. Specifically, Handford contends that the indictment and instructions were for two counts of possession with intent to sell while the verdict was for one count of mere possession.
¶ 34. The State submits that the defendant's argument is not supported by the record. Handford was indicted on two counts, Count I for delivery of a controlled substance, and Count II for possession with intent to sell. According to the State, Handford was fully notified about the nature and cause of the accusations. Furthermore, jury instruction S-1 correctly states the applicable law as to both counts.[1] In Hickombottom v. State, 409 So.2d 1337, 1339 (Miss.1982), the supreme court stated that, "If the instructions fairly announce the law of the case and create no injustice, no reversible error will be found."
¶ 35. Concerning the jury instructions, Handford submits that the trial judge voiced concerns over whether there was proof to substantiate the intent to sell charge. However, with the jury out, the *1076 trial judge stated, "There is certainly evidence of this possession with intent to sell."[2]
¶ 36. The jury, having heard the evidence presented, returned a verdict of guilty as to Count IIpossession with intent to sellbut did not find Handford guilty of Count I. Having reviewed the argument presented, we find this issue to be without merit.
¶ 37. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE WITH INTENT TO SELL AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIRST TEN YEARS TO RUN CONSECUTIVELY TO SENTENCE IN CAUSE # 4351 AND THE LAST FIVE TO RUN CONCURRENTLY WITH SENTENCE IN CAUSE # 4351 AND PAY A FINE OF $5,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO SCOTT COUNTY.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, IRVING, KING, LEE, AND SOUTHWICK, JJ., CONCUR.
NOTES
[1] Instruction S-1

The Court instructs the Jury that if you believe from the evidence in this case beyond a reasonable doubt that at the time and place charged in Count One of the indictment and testified about, that the Defendant, Madison Handford, did willfully, unlawfully, feloniously and knowingly deliver to Douglas Nichols, a Schedule II controlled substance, namely cocaine, in Scott County, Mississippi, then it is your duty to find the Defendant guilty as charged in Count One of the Indictment.
You are further instructed that if you believe from the evidence in this case beyond a reasonable doubt that at the time and place charged in Count Two of the indictment and testified about, that the Defendant, Madison Handford, did willfully, unlawfully and feloniously have in his possession and under his conscious control a Schedule II controlled substance, namely cocaine, in Scott County, Mississippi, with the intent to sell said cocaine to person or persons, then it is your duty to find the Defendant guilty as charged in Count Two of the Indictment.
[2] This statement concerns the jury instruction.