BRIDGES, J.,
for the Court:
¶ 1. Steven R. Heatherly was convicted in the Circuit Court of Lafayette County for the sale of less than one ounce of marijuana and was sentenced to three years in the custody of the Mississippi Department of Corrections and a fine of $3,000 plus court costs. Heatherly has appealed to this Court citing two issues for review:
I. Was this a vindictive prosecution?
II. Was the sentence excessive and thus grossly disproportionate to the crime committed?
FACTS
¶ 2. Heatherly was indicted by the Lafayette County Grand Jury on May 22, 1998, for the sale of less than one ounce of marijuana in violation of Miss.Code Ann. § 41-29-139(a) (Supp.2000). A trial was held on this matter and Heatherly was found guilty of the crime with which he was charged. The court sentenced Heath-erly to three years in prison to run consecutively with the fifty year sentence that he had previously received for other controlled substance convictions.
¶ 3. In addition to the indictments that Heatherly received for several instances of selling controlled substances, he also received an indictment for the crime of capital murder. In January 1999, Heatherly was tried on a separate controlled substance case and found guilty. For that crime, he was sentenced to twenty years, the maximum penalty for the crime. In April 1999, on another controlled substance indictment, Heatherly was again found guilty and sentenced to an additional thirty years to run consecutively with the previous twenty year sentence. In July 1999, shortly after he received an indictment for the crime of capital murder, Heatherly was offered a plea bargain by the State of Mississippi. The State proposed that if Heatherly would plead guilty to the capital murder offense, he could receive a life sentence with the possibility of parole to run concurrently with the previously imposed fifty year sentence for his convictions involving controlled substances. Heatherly rejected this deal.
¶ 4. Timothy Garrett was Heatherly’s co-defendant in the instant case, as well as the capital murder case and many of the other controlled substance cases. Garrett received the same fifty year sentence as did Heatherly and was offered the same deal by the State in the capital murder offense. Garrett chose to take the deal and pled guilty to the crime of capital murder. Upon doing so, Garrett also testified that Heatherly had not participated in the murder in any way and should therefore have those charges against him dropped. Heatherly continues to maintain his innocence in the capital murder case and has refused to plead guilty to the crime. Heatherly claims that he received the sentence of three years in the instant case only because he refused to plead guilty to the crime of capital murder. In *407 other words, Heatherly. asserts that his prosecution in the case at bar was vindictive in nature. Additionally, he claims that fifty-three years in prison is grossly disproportionate to the controlled substance crimes for which he was convicted and tha,t, had he pled guilty to the crime of capital murder, he would not have been tried for this sale of less than one ounce of marijuana, thereby adding three years to his already fifty year sentence.
LEGAL ANALYSIS
I. Was this a vindictive prosecution?
¶ 5. Heatherly cites the cases of Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), McGruder v. State, 454 So.2d 1310 (Miss.1984), and Graves v. State, 492 So.2d 562 (Miss.1986), in an attempt to support his position of vindictive prosecution. The U.S. Supreme Court and the Mississippi Supreme Court in these cases provided that the concept of vindictive prosecution is where the defendant is punished for doing something that is within his right, such as turning down a plea bargain, by pushing for a heavier sentence, etc. Bordenkircher, 434 U.S. at 364, 98 S.Ct. 663; McGruder, 454 So.2d at 1311; Graves, 492 So.2d at 566-67.
¶ 6. In Bordenkircher, the U.S. Supreme Court was dealing with a claim of vindictiveness by prosecution where the defendant was told that he would be re-indicted on more serious charges for the same crime if he chose to plead not guilty, thereby withdrawing the plea bargain. Bordenkircher, 434 U.S. at 364-65, 98 S.Ct. 663. Heatherly was not threatened with re-indictment for the same drug charge here, but rather was indicted on a separate charge dealing with the sale of less than one ounce of marijuana. However, even with this differentiation from our case, we note that in Bordenkircher, the defendant’s argument of vindictive prosecution still failed. Id. The Supreme Court ruled that a prosecutor could, in fact, re-indict on the same charge asking for a harsher punishment if the defendant rejected a plea bargain. Id. “[Tjhis Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor’s interest at the bargaining table is to persuade the defendant to forgo [sic] his right to plead not guilty.” Id. at 364, 98 S.Ct. 663. This is exactly the situation that we have in our instant case. Heatherly was offered a plea bargain to encourage him to plead guilty on the capital murder charge. He chose to reject the offer and therefore, did not receive the benefits of the State’s bargain.
¶ 7. We find that the separate charge for the sale of less than one ounce of marijuana that we have here has no connection with the capital murder charge or the plea bargain that was offered to Heatherly for that charge. Therefore, it is our opinion that it was not a form of punishment to Heatherly that he received an indictment and ultimately a conviction and three year sentence for the instant charge. There is no evidence presented that the State offered that it would forego an indictment on this charge of the sale of less than one ounce of marijuana in exchange for Heath-erly’s guilty plea in the capital murder case. However, according to Bordenkircher, even if the State had offered such a deal, the prosecution would have been within its right to make such an offer. Id. Therefore, it is our opinion that Heatherly’s argument has no merit and he loses his case on this issue either way.
¶8. The United States Supreme Court has further opined that, “[w]hile confronting a defendant with the risk of more severe punishment clearly may have a discouraging effect on the defendant’s assertion of his trial rights, the imposition of these difficult choices [is] an inevitable — and permissible — attribute of any legitimate system which tolerates and encourages the negotiation of pleas.” Chaffin v. Stynchcombe, 412 U.S. 17, 31, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973). Moreover, the Court in Bordenkircher provided *408 that “[t]o hold that the prosecutor’s desire to induce a guilty plea is an unjustifiable standard ... would contradict the very premises that underlie the concept of plea bargaining itself.” Bordenkircher, 434 U.S. at 365, 98 S.Ct. 663. It is curious to this Court why Heatherly would rely so heavily on Bordenkircher in his argument as it clearly negates his position in this appeal, the distinguishable fact pattern aside. Undoubtedly, Heatherly has a big hurdle to jump here to convince this Court that this was a case of prosecutorial vindictiveness. As outlined in U.S. v. Goodwin, 457 U.S. 368, 372-73, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), “[t]he imposition of punishment is the very purpose of virtually all criminal proceedings” therefore, the presumption of prosecutorial vindictiveness applies “only where a reasonable likelihood of such exists.” This is a rarity in pre-trial settings such as we have here, especially because the ultimate duty of the prosecutor is to punish criminals. Id. See also McGruder, 454 So.2d at 1311. It is our opinion that Heatherly’s situation is not one of those extraordinary cases.
¶ 9. Additionally, in the Graves case cited by Heatherly, the Mississippi Supreme Court followed the U.S. Supreme Court’s ruling in Bordenkircher in their conclusion that this type of plea bargaining by the prosecution is not a due process violation, stating: “[I]n the ‘give-and-take’ of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution’s offer.” Graves, 492 So.2d at 567. Here, it is clear to this Court that Heatherly was free to accept or reject the offer regarding the capital murder charge and he chose to reject it. He shows us no correlation between his voluntary rejection of the plea bargaiñ for the capital murder charge and the indictment for the sale of less than one ounce of marijuana, the claim we are dealing with here. Even if Heatherly could somehow bridge these two charges together, he falls short of providing this Court with any evidence in his favor that seeking out the indictment would be an act of vindictiveness on the part of the prosecution. Unlike the cases cited by Heatherly, this case involves no enhanced charges or requests for harsher sentences for the same charge that is the subject of this appeal. Heath-erly also cites McGruder, in which the Mississippi Supreme Court provides, “[a] conscious exercise of selectivity of enforcement is not in itself a federal constitutional violation, so long as the selection is not based on an unjustifiable standard, such as race, religion or other arbitrary classification.” McGruder, 454 So.2d at 1311. Plainly, one of those unjustifiable standards is not present here.
¶ 10. Heatherly poses the question in his brief, “What valid reason could the prosecution have for adding three more years to a fifty year sentence for the sale of less than one ounce of marijuana?” He presents his answer as vindictiveness on the part of the State. However, the true answer to this question is found in Miss. Code Ann. § 41-29-139(b)(3) (Supp.2000). “In the case of one ounce or less of marihuana, such person may, upon conviction, be imprisoned for not more than three years or fined not more than three thousand dollars or both.” Id. This should explicitly, without a doubt, put an end to Heatherly’s inquiry. In our opinion, there is no trace of vindictiveness by the prosecution in this case. Rather, what is evident to this Court is that the prosecution pursued yet another indictment for a criminal already serving time for his previous crimes in the quest for justice. It is not the fault of the prosecution that Heatherly repeatedly refused to heed the law set forth by our legislature regarding the sale of controlled substances. We see no connection between the instant charge and the charge of capital murder and Heatherly provides us with no evidence with which we may find this alleged vindictive prosecution. We note that if Heatherly did not want yet another indictment on drug charges, he should not have committed the crime.
*409 II. Was the sentence excessive and thus grossly disproportionate to the crime committed?
¶ 11. This question is also readily settled by our legislature in the statute which we have previously referenced directly above. Miss.Code Ann. § 41-29-139(b)(3). Although we find that there is no ambiguity or confusion in this statute that would call for this Court to suspect foul play in the befitting sentence that Heatherly received for this crime, we find that it is important to go forth to analyze some of the law in this area.
¶ 12. Heatherly cites White v. State, 742 So.2d 1126 (Miss.1999), as his sole authority on this issue. Unfortunately, this case does virtually nothing to help Heatherly’s situation. The White case provides that “[a]s a general rule, a sentence that does not exceed the maximum period allowed by statute will not be disturbed on appeal.” White, 742 So.2d at 1135 (citing Wallace v. State, 607 So.2d 1184, 1188 (Miss.1992)). Furthermore, in Taylor v. State, 741 So.2d 960, 962 (Miss.App.1999), the Mississippi Supreme Court ruled that “sentencing is purely a matter of trial court discretion so long as the sentence imposed lies within the statutory limits.” See also Fleming v. State, 604 So.2d 280, 302 (Miss.1992). In our case at bar, there is no doubt that the Mississippi statute involving the sale of less than one ounce of marijuana provides for a maximum three year sentence and three thousand dollar fine, which is exactly what Heatherly received for this crime. Miss.Code Ann. § 41-29-139(b)(3).
¶ 13. Heatherly attempts to argue that this three year sentence added to his fifty year sentence for previous drug convictions is excessive. We do not purport to get into the logistics of Heatherly’s earlier indictments and convictions; however, we note that the sentences that he received in both of those instances were based on statutory guidelines as well. The charge that we are looking to here, the sale of less than one ounce of marijuana, is a separate and distinct charge from those previous indictments. There is no evidence in the record and nothing presented by Heatherly which would indicate to this Court that the instant charge was intended to be a “package deal” so to speak. In other words, we find nothing that would prove that the State offered a plea bargain or any other deal that would give Heatherly only one all-inclusive sentence for all of his controlled substance convictions. In actuality, the fact that Heatherly is already serving separate sentences for different previous controlled substance convictions indicates to this Court that the State did not intend for the sentence in the instant charge to be merged into his existing sentences which he is now serving, hence the reason the State pursued this charge separately. We find, and Heatherly provides, no association between the charge at issue here and the previous crimes for which Heatherly is already being punished. As such, according to the statute, the sentence received by Heatherly for the sale of less than one ounce of marijuana is within the law and is far from being grossly disproportionate to the crime.
¶ 14. It is also interesting to note that, as a defendant, with previous multiple convictions for controlled substances, it was well within the court’s discretion to give Heatherly even more than a three year sentence. Miss.Code Ann. § 41-29-147 (Rev.1993). Under the statute, “any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.” Id. Because of this law providing that the trial judge had the power to actually sentence Heatherly to up to six years in prison, we find that Heatherly’s cause here is even more defunct and that his sentence of three years for the crime of the sale of less than one ounce of marijuana should stand. Heatherly should be grateful that the trial judge did not turn his three year statutory sentence into a six year sentence for repeated offenses. We *410 find that Heatherly simply has no argument on this issue that measures even an ounce of merit.
¶ 15. For the foregoing reasons we affirm the judgment of the lower court and uphold Heatherly’s three year sentence for the sale of less than one ounce of marijuana to be served consecutively with his current fifty year sentence.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY OF CONVICTION OF THE SALE OF LESS THAN ONE OUNCE OF MARIJUANA AND SENTENCE OF THREE YEARS IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY A FINE OF $3,000 IS HEREBY AFFIRMED. SENTENCE TO RUN CONSECUTIVELY WITH SENTENCES IN LK 98-170 AND LK 98-174. ALL COSTS OF THIS APPEAL ARE TAXED TO THE LAFAYETTE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.