GRIFFIS, J.,
for the Court.
¶ 1. Steven R. Heatherly appeals two separate convictions by the Circuit Court *1037 of Lafayette County. Both appeals were deflected to this Court. While dealing with separate convictions and consecutive sentences, both appeals argue the same issue — whether the trial court abused its discretion in sentencing. Therefore, we consolidate both appeals for review. Finding no error, we affirm.
FACTS
¶ 2. Steven R. Heatherly returns to this Court for his third and fourth appeals. See Heatherly v. State, 773 So.2d 405 (Miss.Ct.App.2000); Heatherly v. State, 757 So.2d 357 (Miss.Ct.App.2000).
¶ 3. On May 22, 1998, Heatherly was indicted for four separate sales of controlled substances; specifically, the: (1) sale of 34.36 grams of marijuana, (2) sale of $320 worth of methamphetamine, (3) sale of less than one ounce of marijuana, and (4) sale of $100 worth of methamphetamine. Heatherly was tried separately on each indictment. The following is a chronology of the trials and resulting sentences.
¶ 4. In January of 1999, Heatherly was convicted of the charge in the first indictment, for the sale of 34.36 grams of marijuana. He was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. On appeal, this Court affirmed this conviction in Heatherly v. State, 757 So.2d 357 (Miss.Ct. App.2000) ("Heatherly I”).
¶ 5. On April 13, 1999, Heatherly was convicted of the charge in the second indictment, for the sale of $320 worth of methamphetamine. He was sentenced to serve thirty years, to run consecutively with the twenty year sentence, and fined $10,000 plus court costs. This appeal is Case No. 02-KA-1415 COA, which we now consider.
¶ 6. Between April and September of 1999, Heatherly was convicted of the charge in the third indictment, for the sale of less than one ounce of marijuana. He was sentenced to serve three years, to run consecutively with the twenty year sentence and the thirty year sentence, for a total of fifty-three years. On appeal, this Court affirmed this conviction and his sentence in Heatherly v. State, 773 So.2d 405 (Miss.Ct.App.2000) (“Heatherly II”).
¶ 7. On September 21, 1999, Heatherly was convicted of the charge in the fourth indictment, for the sale of $100 worth of methamphetamine. He was sentenced to serve thirty years, with ten years suspended, five years’ post-release supervision, to run consecutively with the previous sentences, and fined $1,000 plus court costs. This appeal is Case No.2002-KA-01408 COA, discussed herein.
¶ 8. Circuit Court Judge Kenneth Coleman presided over each trial and sentencing. Heatherly was sentenced to serve four consecutive sentences, totaling seventy-three years.
LEGAL ANALYSIS
1. Case No.2002-KA-H15. Whether the trial court erred in sentencing Heatherly to thirty years for the sale of $320 worth of methamphetamine to run consecutively to his previous twenty year sentence.
¶ 9. We first address Heatherly’s appeal of the thirty year sentence in Case No.2002-KA-01415 COA. Heatherly argues that the court erred in sentencing him to thirty years to run consecutively to his previous twenty year sentence, for a total of fifty years.
¶ 10. As a general rule, “[sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed *1038 by statute.” Handford v. State, 736 So.2d 1069(¶ 11) (Miss.Ct.App.1999) (citing Reynolds v. State, 585 So.2d 753, 756 (Miss.1991)). However, where a sentence is “grossly disproportionate” to the crime committed, the sentence is subject to attack on the grounds that it violates the Eighth Amendment prohibition of cruel and unusual punishment. Wallace v. State, 607 So.2d 1184, 1188 (Miss.1992).
¶ 11. Mississippi Code Annotated Section 41-29-139 (Rev.2001) provides in part:
(a) it is unlawful for any person knowingly or intentionally:
(1) To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance
(b) any person who violates subsection (a) of this section shall be sentenced as follows:
(1) In the case of controlled substances classified in Schedule I or II, as set out in Sections 41-29-113 and 41-29-115 ... such person may, upon conviction be imprisoned for not more than thirty years (30) and shall be fined not less than Five Thousand Dollars ($5,000) nor more than One Million Dollars ($1,000,000), or both.
(emphasis added). Methamphetamine is a Schedule II controlled substance. Miss. Code Ann. Section 41-29-115 (Rev.2001). Accordingly, the sentence was within the legal limit established by Mississippi Code Annotated Section 41-29-139 (Rev.2001).
¶ 12. We are of the opinion that this Court’s prior decision, in Heatherly II, is determinative of this appeal. In Heatherly II, this Court considered Heatherly’s conviction on the sale of marijuana. The circuit judge sentenced Heatherly to serve three years, to run consecutively with the prior twenty and thirty year sentences. The thirty year sentence is now the subject of the current appeal.
¶ 13. In Heatherly II, Heatherly argued that a total sentence of fifty-three years in prison was grossly disproportionate punishment for the controlled substance crimes for which he had been convicted. This Court affirmed the total sentence of fifty-three years and held:
We do not purport to get into the logistics of Heatherly’s earlier indictments and convictions; however, we note that the sentences that he received in both of those instances were based on statutory guidelines as well. The charge that we are looking to here, the sale of less than one ounce of marijuana, is a separate and distinct charge from those previous indictments. There is no evidence in the record and nothing presented by Heath-erly which would indicate to this Court that the instant charge was intended to be a “package deal” so to speak. In other words, we find nothing that would prove that the State offered a plea bargain or any other deal that would give Heatherly only one all-inclusive sentence for all of his controlled substance convictions. In actuality, the fact that Heath-erly is already serving separate sentences for different previous controlled substance convictions indicates to this Court that the State did not intend for the sentence in the instant charge to be merged into his existing sentences which he is now serving, hence the reason the State pursued this charge separately. We find, and Heatherly provides, no association between the charge at issue here and the previous crimes for which Heatherly is already being punished. As such, according to the statute, the sentence received by Heath-erly for the sale of less than one ounce of marijuana is within the law and is far *1039 from being grossly disproportionate to the crime.
It is also interesting to note that, as a defendant, with previous multiple convictions for controlled substances, it was well within the court’s discretion to give Heatherly even more than a three year sentence. Miss.Code Ann. § 41-29-147 (Rev.1993). Under the statute, “any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.” Id. Because of this law providing that the trial judge had the power to actually sentence Heatherly to up to six years in prison, we find that Heatherly’s cause here is even more defunct and that his sentence of three years for the crime of the sale .of less than one ounce of marijuana should stand. Heatherly should be grateful that the trial judge did not turn his three year statutory sentence into a six year sentence for repeated offenses. We find that Heatherly simply has no argument on this issue that measures even an ounce of merit.
Heatherly, 773 So.2d at 409 (¶¶ 13-14) (emphasis added). In Heatherly II, this Court considered the thirty year sentence that is now at issue in this appeal, and we determined that the totality of the sentence was not grossly disproportionate to the crime.
¶ 14. In Stromas v. State, 618 So.2d 116, 122 (Miss.1993), the Mississippi Supreme Court considered a similar factual scenario — a thirty year sentence imposed pursuant to Mississippi Code Annotated Section 41-29-139(b)(l) for the sale of only a modest amount of cocaine — and found no error. Although Stromas did not involve a consecutive sentence, it involved a double sentence imposed under the “subsequent offender statute,” Mississippi Code Annotated. Section 41-29-147, that resulted from a single previous drug-related conviction. Id. Stromas was ultimately sentenced to sixty years. The supreme court reasoned:
[Mississippi Code Annotated Section] 41 — 29—139(b)(1) is very broad in its application. The sale or intent to sell any amount of cocaine is covered. Although Stromas sold .only a small amount of cocaine, he received the maximum term penalty, 30 years, but he received less than the maximum total penalty since no fine was imposed.... Although this sentence seems, quite severe, it is not a “grossly disproportionate” sentence for the crimes that Stromas committed. Drug offenses are very serious, and the public has expressed grave concern unth the drug problem. The legislature has responded in kind with stiff penalties for drug-. offenders. It is the legislature’s prerogative, and not this Court’s, to set the length of sentences. Because this sentence was within the statutory guidelines, and because our legislature, as a matter of public policy, has called for, harsh penalties for drug offenders such as Stromas, Solem v. Helm[, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)] is not implicated in this case. Declaring a sentence violative of the Eighth Amendment to the U.S. Constitution carries a heavy burden and only in rare cases should this Court make such a finding.
Stromas, 618 So.2d at 123 (emphasis added).
¶ 15. We. find that the sentence of thirty years was authorized by the statute under which Heatherly was convicted, and the length of the sentence was within the discretion of the trial judge. We also find that the charge and conviction in question was separate and distinct from the other *1040 indictments. As we determined in Heatherly II, there is no evidence that this present charge was intended to be a “package deal.” The trial court exercised its discretion to sentence Heatherly independently from his previous conviction. See Erwin v. State, 557 So.2d 799, 803 (Miss.1990) (each sentence is to be imposed without respect to the other).
¶ 16. Accordingly, we find no error in the trial court’s sentencing and find this assignment of error to be without merit.
2. Case No. 02-KA-0H08. Whether the trial court erred in sentencing Heatherly to thirty years with ten years suspended and five years of post-release supervision for the sale of $100 worth of methamphetamine to run consecutively to his previous twenty, thirty, and three year sentences.
¶ 17. Next, we address Heatherly’s appeal of the twenty year sentence in Case No.2002-KA-01408 COA. Heatherly argues that the court erred in sentencing him to twenty additional years to run consecutively to his previous fifty-three year sentence, for a total sentence of seventy-three years. Heatherly again argues that the combined sentence is excessive and constitutes an abuse of the trial court’s discretion.
¶ 18. We will not restate the above discussion. The only difference in this appeal is the addition of the latest thirty year sentence, with ten years suspended. Like above, the sale of $100 worth of methamphetamine was a separate and distinct charge from the previous indictments. We find no association between the charge at issue here and the previous crimes for which Heatherly is already being punished. Therefore, we find that the trial court had the discretion to sentence Heatherly on this conviction independently from his previous convictions. See Erwin v. State, 557 So.2d 799, 803 (Miss.1990) (each sentence is to be imposed without respect to the other).
¶ 19. As such, Heatherl/s sentence of an additional twenty years for the sale of methamphetamine is legal and is not grossly disproportionate to the crime. Miss.Code Ann. Section 41-29-139 (Rev. 2001). See also Handford v. State, 736 So.2d 1069(¶ 11) (Miss.Ct.App.1999) (sentence not subject to appellate review if it is within the limits prescribed by statute.)
¶ 20. We recognize that Heatherly has been sentenced to serve a total of seventy-three years in prison. The circuit judge was clearly familiar with Heatherly and his criminal activities. Indeed, in addition to these convictions, Heatherly had a pending indictment for capital murder. Heatherly’s reputation is that of a habitual criminal. The crimes Heatherly committed were serious, The circuit judge was duty bound to sentence Heatherly, and he did so within the statutory requirements and within his discretion. We will not substitute our discretion for that of the circuit judge. He was present at each of the trials, heard the evidence, considered the significance of the crimes, and entered his judgment consistent with the law. The circuit judge chose not to award Heatherly a volume discount in his sentencing.
¶21. We find that the trial court did not abuse its discretion and find this assignment of error to be without merit.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY IN CAUSE NO. LK98-174 OF CONVICTION OF THE SALE OF METHAMPHETAMINE AND SENTENCE OF THIRTY YEARS IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONSECUTIVELY TO A PREVIOUS TWENTY *1041 YEAR SENTENCE AND TO PAY A FINE OF $10,000 IS HEREBY AFFIRMED. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY IN CAUSE NO. LK98-171 OF CONVICTION OF THE SALE OF METHAMPHETAMINE AND SENTENCE OF THIRTY YEARS, TEN YEARS SUSPENDED, FIVE YEARS POST-RELEASE SUPERVISION IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SENTENCE TO RUN CONSECUTIVELY TO PREVIOUS SENTENCES, FINE OF $1,000 AND $100 TO VICTIM’S COMPENSATION FUND IS ALSO HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO LAFAYETTE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ„ CONCUR.