ISHEE, J.,
for the Court:
¶ 1. Eric Pepper pleaded guilty in the Oktibbeha County Circuit Court to possession of a controlled substance as a habitual offender and subsequent drug offender. He was sentenced to serve sixteen years in the custody of the Mississippi Department of Corrections (MDOC), and was ordered to pay a fíne of $100,000. Pepper later filed a motion for post-conviction relief (PCR) in the trial court. The trial court subsequently dismissed his motion. Aggrieved, Pepper now appeals. He argues the following: (1) the State breached the plea agreement as a result of vindictive prosecution; (2) the trial court abused its discretion by dismissing Pepper’s PCR motion without having an evidentiary hearing; and (3) the trial court erred by refusing to supplement the record to include the alleged plea agreement. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Pepper was indicted by the Oktib-beha County grand jury on July 15, 2009, for one count of sale of a controlled substance pursuant to Mississippi Code Annotated section 41-29-139 (Supp.2011). On February 4, 2010, after the charges were reduced, Pepper filed his petition to enter a plea of guilty to possession of methamphetamine. On February 5, 2010, the indictment was amended to charge Pepper as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2007). The indictment was also amended to reflect Pepper’s status as a subsequent drug offender pursuant to Mississippi Code Annotated section 41-29-147 (Rev.2009).
¶ 3. According to Pepper, he entered into a plea agreement with the State, which would reduce his charge from sale of methamphetamine to possession of methamphetamine.[1] He contends the plea agreement did not include his status as a habitual offender or a subsequent drug offender. Pepper acknowledges the plea negotiations had included discussions regarding the possibility of the State calling Pepper to testify in a separate burglary trial, but claims that it was “only mentioned in passing.” Pepper asserts that he was indeed called as a witness at the burglary trial; however, as soon as Pepper was called to testify, he promptly invoked *783 his Fifth Amendment right to remain silent and refused to answer any questions.[2]
¶ 4. Pepper claims that on his way out of the courtroom, after invoking his Fifth Amendment right to remain silent, Assistant District Attorney Charles Hedgepeth approached Pepper and swore that he was going to “get him” for his refusal to testify. Pepper alleges his attorney informed him that Hedgepeth would still permit the reduction in charges, but that the subsequent amended indictment was in response to Pepper’s refusal to testify at the burglary trial. Pepper contends Hedgepeth amended the indictment to punish Pepper in retaliation for his refusal to testify in the burglary trial.
¶ 5. Regardless of Pepper’s claims, on April 1, 2010, he pleaded guilty in the trial court. Pepper was then sentenced to serve sixteen years in the custody of the MDOC, and was ordered to pay a fíne of $100,000. Thereafter, Pepper filed a PCR motion. The trial court subsequently dismissed his PCR motion.
DISCUSSION
¶ 6. A trial court may dismiss a PCR motion “[i]f it plainly appears from the face of the motion, any annexed exhibits!,] and the prior proceedings in the case that the movant is not entitled to any relief].]” Miss.Code Ann. § 99-39-11(2) (Supp.2011). When considering the dismissal of a PCR motion on appeal, “we review the trial court’s findings of fact for clear error.” White v. State, 59 So.3d 633, 635 (¶ 4) (Miss.Ct.App.2011) (citing Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004)). “This [C]ourt will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate ‘a claim procedurally alive substantially showing the denial of a state or federal right’ ” Id. (quoting Robinson v. State, 19 So.3d 140, 142 (¶ 6) (Miss.Ct.App.2009)).
I. Plea Agreement
¶ 7. In his first issue on appeal, Pepper argues the State breached its plea agreement by amending the indictment to reflect his status as a habitual offender and subsequent drug offender. He alleges the State did this as retaliation after he invoked his Fifth Amendment right not to testify in a separate case. Pepper claims that the plea agreement did not stipulate that he was required to testify in the separate trial and that the possibility of testifying was “only mentioned in passing.” Pepper does not challenge the State’s authority to amend the indictment; he admits the amendment was proper. His argument rests entirely on his claim that the State breached the plea agreement, which was a result of vindictive prosecution.
¶ 8. Mississippi Code Annotated section 99-39-21(1) (Rev.2007) states: “Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal ... shall constitute a waiver thereof and shall be procedurally barred].]” Pepper failed to argue the amended indictment constituted a breach of the plea agreement or that it was the result of vindictive prosecution at his plea hearing; thus, these arguments are procedurally barred on appeal. Procedural bar notwithstanding, we will address Pepper’s arguments on the merits.
¶ 9. The United States Supreme Court and the Mississippi Supreme Court *784 have stated that vindictive prosecution occurs when “the defendant is punished for doing something that is within his right, such as turning down a plea bargain, by pushing for a heavier sentence, etc.” Heatherly v. State, 773 So.2d 405, 407 (¶ 5) (Miss.Ct.App.2000) (citations omitted). However, the Mississippi Supreme Court has also stated: “In the ‘give-and-take’ of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution’s offer.” Id. at 408 (¶ 9) (quoting Graves v. State, 492 So.2d 562, 567 (Miss.1986)). Moreover, “[s]o long as the prosecution ‘has probable cause to believe the accused committed an offense defined by statute, the decision of whether or not to prosecute and what charge to bring generally rests in his or her discretion.’” Nichols v. State, 822 So.2d 984, 993-94 (¶ 26) (Miss.Ct.App.2002) (quoting Williams v. State, 766 So.2d 815, 818 (¶ 11) (Miss.Ct.App.2000)).
¶ 10. In the instant case, there is no evidence to support Pepper’s claim of vindictive prosecution. A factual basis existed for all of the charges against Pepper, and the State was within its authority to charge Pepper as a habitual offender and a subsequent drug offender. Additionally, the State could have chosen to proceed with the initial charge of sale of methamphetamine but chose to reduce the charge to possession of methamphetamine. Furthermore, the indictment was amended before Pepper pleaded guilty; thus, he was free to choose to go to trial at any time. Accordingly, the State’s amendment to the indictment to reflect Pepper’s status as a habitual offender and subsequent drug offender was not vindictive prosecution.
¶ 11. Pepper also argues the State violated his due-process rights by breaching the plea agreement. “The [SJtate, whether it be through the prosecutor, the trial judge, or both, is bound by its plea-bargain agreement with a defendant who pleads guilty pursuant to the agreement.” State v. Adams County Circuit Court, 735 So.2d 201, 204 (¶ 7) (Miss.1999) (quoting Salter v. State, 387 So.2d 81, 83 (Miss.1980) (superseded by statute on other grounds)). However, “[ajbsent a guilty plea or some other detrimental reliance by [the] defendant, the prosecutor [i]s under no legal inhibition to revoke his agreement.” Singleton v. State, 618 So.2d 1290, 1291 (Miss.1993).
¶ 12. There is no plea agreement in the record of this case. As such, we are unable to consider whether a plea agreement was, in fact, breached by the State. Furthermore, even if a plea agreement existed, Pepper did not detrimentally rely on that agreement, and he had not pleaded guilty at the time the indictment was amended.
¶ 13. The record reflects that the indictment was amended before Pepper pleaded guilty. The petition to enter a plea of guilty was signed on February 4, 2010, the same day the State filed its motion to amend the indictment. While the trial court’s order allowing the amendment was not signed until February 5, 2010, Pepper’s petition to enter a plea of guilty nonetheless referenced his status as a habitual offender and subsequent drug offender. In the plea petition, paragraph eight clearly states: “I know that if I plead ‘[gjuilty’ to this charge (due to prior drug convietion[s]), the possible sentence is [four] to [sixteen] years imprisonment and/or a fine of $0 to [$]100,000.” Paragraph seventeen, the habitual offender section, also states: “[Mississippi Code Annotated section] 99-19-81 Maximum] time [without] parole as [third] offender.”
¶ 14. Additionally, at Pepper’s plea hearing, the trial judge asked: “You know *785 because you’re pleading guilty as a[ ] habitual offender under [section] 99-19-81 and as a subsequent offender under the Uniform Controlled Substances ... laws pursuant to [section] 41-29-147 that I must sentence you to [sixteen] years in prison without the possibility of parole[?]” Pepper responded: “I understand.” Thus, Pepper knew he was pleading guilty to possession of meth’amphetamine as a habitual offender and a subsequent drug offender and could have chosen to plead not guilty under those terms. There is no evidence that Pepper detrimentally relied on the alleged plea agreement, and the indictment was amended before he pleaded guilty. Accordingly, we find this issue is without merit.
II. Dismissal of PCR Motion Without Evidentiary Hearing
¶ 15. In his second issue on appeal, Pepper argues the trial court abused its discretion by dismissing his PCR motion without holding an evidentiary hearing. Upon a review of the record, the trial court may grant an evidentiary hearing after a determination that one is required. See Miss.Code Ann. § 99-39-19(1) (Rev. 2007). However, “[n]o hearing is required when, based on the record of the guilty plea hearing, it is clear that the petitioner is entitled to no relief.” Watts v. State, 981 So.2d 1034, 1040 (¶19) (Miss.Ct.App.2008) (citations omitted). Additionally, “[i]f it plainly appears from the face of the motion, any annexed exhibitsf,] and the prior proceedings in the case that the mov-ant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified.” Miss. Code Ann. § 99-39-11(2).
¶ 16. Here, the trial court did not err by failing to hold an evidentiary hearing. There is nothing in the record to support Pepper’s claims of vindictive prosecution or breach of a plea agreement.
There is, however, evidence in the record that Pepper entered his plea with full knowledge of the amended indictment and his status as a habitual offender and subsequent drug offender. His petition to enter a plea of guilty and his plea hearing transcript reflect this knowledge. As such, we find the trial court did not err by failing to grant an evidentiary hearing before dismissing Pepper’s PCR motion.
III. Expansion of the Record
¶ 17. Pepper’s final assertion, that the trial court erred by refusing to expand thé record to include the original plea agreement, is also without merit. Mississippi Code Annotated section 99-39-17(1) (Rev.2007) states: “If the [PCR] motion is not dismissed summarily, the judge may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the motion.” Here, Pepper’s PCR motion was dismissed; thus, there was no need to expand the record. Furthermore, the trial court did not need the alleged plea agreement in order to make a determination in the case. The evidence is clear that there was no breach of a plea agreement, nor was there vindictive prosecution on the part of the State. Accordingly, we find this issue is without merit.
¶ 18. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIB-BEHA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. There is no plea agreement in the record of this case; however, the charges were, in fact. reduced.

. Within the record of this case, there is no evidence of Pepper having been called to testify at the burglary trial.