# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01945-COA

DEAN C. BOYD A/K/A DEAN BOYD                                    APPELLANT

v.

STATE OF MISSISSIPPI                                              APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/12/2013 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DEAN C. BOYD (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED - 03/24/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES, CARLTON AND JAMES, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     On March 1, 2011, Dean C. Boyd was charged with statutory rape, in violation of Mississippi Code Annotated section 97-3-65(1)(b) (Rev. 2006), for sexually assaulting (and impregnating) his minor daughter, Deborah.[1]  DNA tests later confirmed that Boyd was the natural father of Deborah's child.  He pleaded guilty to the charge on April 26, 2011, and was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections.

---

[1] Deborah is a fictitious name, used to protect the identity of the sexual-assault victim, who was a minor at the time of the crime.

¶2. Boyd filed a motion for post-conviction relief (PCR) on March 27, 2012, asserting claims of ineffective assistance of counsel and an involuntary guilty plea. On July 18, 2012, the Leake County Circuit Court denied Boyd's PCR motion, finding that Boyd had acknowledged at the plea hearing that his guilty plea was "given freely, knowingly, voluntarily, and intelligently," and that Boyd had "failed to allege fact[s] to show counsel was ineffective and counsel's ineffectiveness prejudiced his defense."

¶3. Boyd filed a second PCR motion on May 10, 2013, asserting the same issues, and additionally claiming that there was (1) new evidence not reasonably discoverable at the hearing that would have caused a different result in the conviction; and (2) an intervening decision by the Mississippi Supreme Court, which would have actually adversely affected the outcome of his conviction or sentence. Specifically, he asserted that his indictment charged him under the wrong statute, which violated his fundamental right against double jeopardy. On June 13, 2013, the trial court denied Boyd's motion, and dismissed the motion as a successive writ.

¶4. On November 15, 2013, after the thirty-day requirement for filing a notice of appeal under Mississippi Rule of Appellate Procedure 4(a) had passed, Boyd filed a notice of appeal, requesting permission to file an out-of-time appeal due to excusable neglect. A note from the Leake County Circuit Clerk, contained in the record, indicates Boyd did not receive a copy of the order denying his PCR motion until November 4, 2013. Additionally, the trial court entered an order on November 25, 2013, allowing Boyd to proceed with his appeal in forma pauperis. The Mississippi Supreme Court concluded in an April 9, 2014 order that the

trial court's order, allowing Boyd to appeal in forma pauperis, reopened the time for appeal. Consequently, the supreme court considered Boyd's November 15, 2013 notice of appeal timely and dismissed Boyd's request for an out-of-time appeal as moot.

¶5. On appeal, we affirm the trial court's dismissal of Boyd's PCR motion.

## STANDARD OF REVIEW

¶6. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Martin v. State*, 138 So. 3d 267, 268 (¶3) (Miss. Ct. App. 2014) (citing *Hughes v. State,* 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012)).

## DISCUSSION

¶7. Because Boyd's PCR motion was a successive writ, the trial court dismissed it as procedurally barred. "Second or successive PCR motions are usually procedurally barred from the trial court's review." *Boone v. State*, 148 So. 3d 377, 379 (¶7) (Miss. Ct. App. 2014) (citing Miss. Code Ann. § 99-39-23(6) (Supp. 2013)). However, a petitioner may be excepted from the procedural bar against successive writs if he shows there was:

> [A]n intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or . . . evidence, not reasonably discoverable at the time of trial, . . . of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence[.]

Miss. Code Ann. § 99-39-5(2)(i) (Supp. 2014). In his May 10, 2013 PCR motion, which was undeniably a successive writ, Boyd attempted to circumvent the procedural bar by claiming

3

these two exceptions.

¶8.     While "errors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act,] . . . . the mere assertion of a constitutional right violation does not trigger the exception." *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013) (citations and internal quotation marks omitted). "To find an exception to the successive-writ bar, 'there must at least appear to be some basis for the truth of the claim' of a fundamental-constitutional-rights violation." *Id*. (quoting *Stovall v. State,* 873 So. 2d 1056, 1058 (¶7) (Miss. Ct. App. 2004)). Upon review of his PCR motion, we find that Boyd cited no intervening decision to support his claim of a fundamental-right violation, nor did Boyd provide any evidence not reasonably discoverable at the time of his guilty plea that would have caused a different result in his conviction or sentence. Furthermore, although Boyd attempts to provide some legal authority to support his claim on appeal, we find no factual basis to support the truth of his claim.

¶9.     Boyd argues that his indictment failed to specify the date of the crime and charged him under the wrong subsection of the applicable statute. Boyd was charged with, and pleaded guilty to, violating Mississippi Code Annotated section 97-3-65(1)(b), which reads: "The crime of statutory rape is committed when . . . [a] person of any age has sexual intercourse with a child who: (i) [i]s under the age of fourteen (14) years; (ii) [i]s twenty-four (24) or more months younger than the person; and (iii) [i]s not the person's spouse." Boyd contends that Deborah was fourteen years old at the time the rape occurred; thus, he was charged under the wrong statute, which violated his fundamental right against double

4

jeopardy.

¶10. The indictment states that the rape occurred in January 2010. Deborah's birthday was January 27, 1996, and Boyd is correct that Deborah stated in the Mississippi Department of Human Services' report that the rape occurred in February 2010, which would have made her fourteen at the time of the incident. However, the medical evaluation of Deborah, dated June 9, 2010, stated that she was approximately twenty-six weeks pregnant, which would place the conception date closer to December 2009 or early January 2010. If the rape occurred in February 2010, she would only have been approximately eighteen weeks pregnant. The medical evaluation also noted that Deborah had stopped having a menstrual cycle five months prior, which would also support the indictment's January 2010 date. Therefore, there is evidence to support the date in the indictment. Regardless, this was evidence reasonably discoverable at the time of Boyd's plea hearing. Boyd was Deborah's father; he knew her birthday. All of the previously referenced documentation was available prior to the hearing. Accordingly, we find that Boyd has not provided any new evidence, or cited an intervening decision, that would except his motion from the procedural bar.

¶11. When the circuit judge asked Boyd if he had intercourse with a child under the age of fourteen, Boyd answered affirmatively. Boyd admitted to all relevant facts, was apprised by the trial court of the consequences of his guilty plea, and pleaded guilty to the charge of statutory rape "of a child under the age of fourteen (14) years[.]" Nothing in the record, nor in Boyd's PCR motion, suggests that his plea was not knowingly and voluntarily entered, or that the plea was otherwise invalid.

5

¶12.    Therefore, we find the trial court did not err in dismissing Boyd's petition as a successive writ.

¶13.    **THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**