# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00058-COA

**DEAN C. BOYD A/K/A DEAN BOYD**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/29/2016 |
| TRIAL JUDGE: | HON. VERNON R. COTTEN |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DEAN C. BOYD (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/13/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., BARNES AND FAIR, JJ.

### BARNES, J., FOR THE COURT:

¶1.     Dean C. Boyd was charged with statutory rape of a child under the age of fourteen in violation of Mississippi Code Annotated section 97-3-65(1)(b) (Rev. 2006).  On April 26, 2011, Boyd pleaded guilty to the charge and was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections.  On March 27, 2012, Boyd filed a motion for post-conviction relief (PCR).  The Leake County Circuit Court denied the motion, finding that Boyd's guilty plea was knowing and voluntary and that he had failed to demonstrate ineffectiveness of counsel.[1]

---

[1] *See Boyd v. State*, 175 So. 3d 59, 60 (¶2) (Miss. Ct. App. 2015) (discussing the factual and procedural history related to Boyd's appeal of his second PCR motion).

¶2. A second PCR motion was filed on May 10, 2013, which was dismissed by the circuit court as a successive writ. Boyd appealed the dismissal of the motion to this Court. *See Boyd v. State*, 175 So. 3d 59 (Miss. Ct. App. 2015). Finding Boyd had failed to provide "any new evidence, or cite[] an intervening decision, that would except his motion from the procedural bar," we affirmed the circuit court's decision. *Id.* at 62 (¶¶10, 13).

¶3. Boyd filed a third PCR motion on April 18, 2016.[2] An amended motion was filed on December 22, 2016, which asserted: (1) there was no factual basis for his guilty plea; (2) the trial court failed to advise him of his right to confront witnesses and his right against self-incrimination; and (3) his counsel was ineffective. The circuit court dismissed Boyd's motion on December 29, 2016, finding it barred as a successive writ. *See* Miss. Code Ann. § 99-39-23(6) (Rev. 2015).

¶4. Boyd now appeals, alleging several issues. While Boyd acknowledges that his third PCR motion is a successive writ and time-barred,[3] he contends that his claims are excepted from the procedural bars. "[E]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act]." *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010). "But mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *White v. State*, 59 So. 3d 633, 636

---

[2] This motion is not included in the appellate record, but the motion is listed in the docket entries. The trial court noted in its order that Boyd alleged his guilty plea was involuntary, his sentence was illegal, his indictment was defective, the evidence was insufficient to support the verdict, he was denied his Sixth Amendment right to effective assistance of counsel, and various other constitutional rights were violated.

[3] Mississippi Code Annotated section 99-39-5(2) (Rev. 2015) bars a PCR motion filed more than three years after the entry of a guilty plea.

(¶11) (Miss. Ct. App. 2011).

¶5.     Upon review, we find Boyd has failed to raise any claim that would overcome the procedural bars, and we affirm the circuit court's dismissal of his PCR motion.

## STANDARD OF REVIEW

¶6.     A circuit court's dismissal of a PCR motion is reviewed for abuse of discretion. *Birmingham v. State*, 159 So. 3d 597, 598 (¶4) (Miss. Ct. App. 2014) (citing *Williams v. State,* 110 So. 3d 840, 842 (¶11) (Miss. Ct. App. 2013)). "We will only reverse if the circuit court's decision was clearly erroneous." *Id*. "Questions of law are reviewed de novo." *Id*.

## DISCUSSION

### I.     Whether Boyd's indictment was defective.

¶7.     Boyd claims his constitutional rights were violated because his indictment failed to specify the date of the alleged conduct and, as a result, he had inadequate notice of the charge against him. This issue was directly addressed in our prior opinion. *See Boyd*, 175 So. 3d at 61-62 (¶¶9-10) (finding "evidence to support the date in the indictment . . . [and] this was evidence reasonably discoverable at the time of Boyd's plea hearing"). "Res judicata bars 'all issues that might have been (or could have been) raised and decided in the initial suit, plus all issues that were actually decided in the first cause of action.'" *Mohead v. State,* 158 So. 3d 358, 360 (¶8) (Miss. Ct. App. 2014) (quoting *Bosarge v. State*, 141 So. 3d 24, 26 (¶6) (Miss. Ct. App. 2014)). "A person who requests post-conviction relief is obligated to place before the court all claims known to him and/or of which he should have had knowledge. . . . The failure to do so results in a loss of his claims for a second or successive petition." *Salter*

3

*v. State*, 184 So. 3d 944, 951 (¶24) (Miss. Ct. App. 2015) (citing *Rochell v. State*, 913 So. 2d 993, 994 (¶6) (Miss. Ct. App. 2005)).

¶8.     Thus, Boyd's claim that his indictment was defective is procedurally barred from review. Procedural bar notwithstanding, "a guilty plea waives any claim to a defective indictment." *Phillips v. State*, 25 So. 3d 404, 407 (¶6) (Miss. Ct. App. 2010) (quoting *Harris v. State*, 757 So. 2d 195, 197 (¶9) (Miss. 2000)).

## II.     Whether there was a factual basis for Boyd's guilty plea.

¶9.     Boyd also contends there was no factual basis for his guilty plea.  Admittedly, at Boyd's guilty-plea hearing, the State did not provide a recitation of the evidence that it was prepared to present.  But as we concluded in our prior *Boyd* opinion:

> When the circuit judge asked Boyd if he had intercourse with a child under the age of fourteen, Boyd answered affirmatively.  Boyd admitted to all relevant facts, was apprised by the trial court of the consequences of his guilty plea, and pleaded guilty to the charge of statutory rape "of a child under the age of fourteen (14) years."  Nothing in the record, nor in Boyd's PCR motion, suggests that his plea was not knowingly and voluntarily entered, or that the plea was otherwise invalid.

*Boyd*, 175 So. 3d at 62 (¶11).  Therefore, we find this claim without merit and subject to the procedural bars.

## III.     Whether the circuit court erred by failing to advise Boyd of his right to confront witnesses and his right against self-incrimination.

¶10.    Boyd argues that the circuit court's failure to advise him of his right to confront witnesses and his right against self-incrimination was a violation of a fundamental constitutional right.  "A knowing and voluntary guilty plea waives certain constitutional rights, among them, the privilege against self-incrimination, the right to confront and cross-

4

examine the State's witnesses, the right to a jury trial, and the right to have the State prove each element of the offense beyond a reasonable doubt." *Scurlock v. State*, 147 So. 3d 894, 896 (¶9) (Miss. Ct. App. 2014) (quoting *Joiner v. State*, 61 So. 3d 156, 158 (¶7) (Miss. 2011)). Although the circuit judge did not list every constitutional right Boyd was waiving by pleading guilty, he twice asked Boyd if he understood that he was entitled to a trial. Boyd indicated that he understood he would be giving up his right to a trial by jury and that he was not threatened or intimidated into entering his guilty plea.

¶11. Moreover, Boyd's notarized "Petition to Plead Guilty" contained a "Waiver of Constitutional Rights," which enumerated the various rights Boyd would be waiving by entering his guilty plea, including the right to be confronted by witnesses and to cross-examine those witnesses and the right not to testify. Boyd acknowledged that he was waiving those rights. *See Hughes v. State*, 106 So. 3d 836, 840 (¶9) (Miss. Ct. App. 2012) (rejecting defendant's claim of an involuntary plea as his "sworn plea petition show[ed] that he was advised . . . that he was waiving his right against self-incrimination"). Therefore, this issue is without merit and does not constitute an exception to the procedural bars.

### IV. **Whether Boyd was subject to ineffective assistance of counsel**.

¶12. Referencing the alleged errors raised above, Boyd claims his defense counsel should have objected to the entry of his guilty plea. An ineffective-assistance-of-counsel claim requires a showing that: (1) counsel's performance was deficient and (2) the deficient performance resulted in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "In the context of his guilty plea, [the defendant] 'must show that there is a

5

reasonable probability that, but for counsel's errors, he would not have pleaded guilty, would have insisted on going to trial, and the outcome would have been different.'" *Brown v. State*, 187 So. 3d 667, 671 (¶8) (Miss. Ct. App. 2016) (quoting *Hannah v. State*, 943 So. 2d 20, 24 (¶7) (Miss. 2006)). The supreme court has not held under *Rowland* that claims of ineffective assistance of counsel are exempt from procedural bars, but it has determined that:

> under "extraordinary circumstances" (i.e., "lack of a direct appeal, lack of a court record, his attorney's alleged failure to obtain a transcript, lack of appellate review of the merits of his claims"), trial counsel's failure "to ensure the defendant could adequately appeal his conviction" excepted his PCR motion from the statutory time-bar.

*Id*. at 671 (¶7) (quoting *Chapman v. State*, 167 So. 3d 1170, 1173-74 (¶¶10-13) (Miss. 2015)).

¶13. We find nothing in the record to support Boyd's claim of ineffective assistance of counsel. As stated, there was a sufficient factual basis for Boyd's guilty plea. Furthermore, in entering his guilty plea, Boyd expressed to the circuit judge that he was satisfied with his counsel's performance. Finally, as mentioned in our prior opinion, Boyd brought a claim of ineffective assistance of counsel in his first PCR motion filed in 2012; therefore, the claim is barred by res judicata. *See Boyd*, 175 So. 3d at 60 (¶2).

¶14. We find Boyd has failed to demonstrate any violation of a fundamental constitutional right, and his claims are procedurally barred. Accordingly, we affirm the circuit court's dismissal of Boyd's PCR motion.

¶15. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**