# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00022-COA

**KENDRICK CROCKETT**                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                          **APPELLEE**

DATE OF JUDGMENT:              12/14/2020
TRIAL JUDGE:                   HON. BETTY W. SANDERS
COURT FROM WHICH APPEALED:     HINDS COUNTY CIRCUIT COURT,
                               FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:        KENDRICK CROCKETT (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY:  ASHLEY LAUREN SULSER
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 03/08/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., GREENLEE AND McDONALD, JJ.

### McDONALD, J., FOR THE COURT:

¶1.     In November 2011, Kendrick Crockett pled guilty to two counts of forcible rape, two counts of sexual battery, and one count of house burglary in the Hinds County Circuit Court. The circuit court sentenced Crockett to serve thirty years' imprisonment for each rape conviction, thirty years' imprisonment for each sexual battery conviction, and ten years' imprisonment for house burglary, all in the custody of the Mississippi Department of Corrections (MDOC). Crockett's sentences were set to run concurrently, and none of his time was suspended. Crockett filed a pro se motion for post-conviction collateral relief (PCR) in May 2018, arguing that his pleas were involuntary. He requested an evidentiary

hearing in both the PCR motion and a separate motion. The circuit court summarily denied the PCR motion and the motion for an evidentiary hearing. Crockett now appeals from only the circuit court's order denying his PCR motion, which also included a request for an evidentiary hearing. Finding no error, we affirm the circuit court's denial of Crockett's PCR motion.

### Statement of the Facts and Procedural History

¶2. On February 27, 2009, a Hinds County grand jury indicted Crockett on two counts of forcible rape in violation of Mississippi Code Annotated section 97-3-65(4)(a) (Supp. 2007); one count of kidnapping in violation of Mississippi Code Annotated section 97-3-53 (Rev. 2011); two counts of sexual battery in violation of Mississippi Code Annotated section 97-3-95(1)(a) (Rev. 2006); one count of house burglary in violation of Mississippi Code Annotated section 97-17-23 (Rev. 2006); one count of motor vehicle theft in violation of Mississippi Code Annotated section 97-17-42(1) (Supp. 2007); and armed robbery in violation of Mississippi Code Annotated section 97-3-79 (Rev. 2006).[1] Crockett was fifteen years old at the time of his crimes.

¶3. Two and a half years later, when he was eighteen, Crockett filed a sworn petition to enter a guilty plea on November 2, 2011, to the two counts of forcible rape, the two counts of sexual battery, and the one count of house burglary. In his petition, Crockett said that his attorney had fully informed him of the charges in the indictment and had advised him of the possible defenses. Additionally, his attorney had informed him of the minimum and

---

[1] The State dismissed the charges of kidnapping, armed robbery, and motor vehicle theft.

2

maximum punishments for those offenses charged in the indictment. In his petition, Crockett also stated that he understood he could plead not guilty and that he understood he was waiving his Constitutional rights.[2]

¶4. In the petition, Crockett stated that he was not under the influence of drugs or alcohol or suffering from any mental disease at the time of the crimes or at the time he signed his petition. He also said in his petition that no officer or agent of any branch of government or any other person had induced him to plead guilty; no individual had threatened, mentally or physically forced, intimidated, or coerced him in any manner to plead guilty; and his guilty plea was freely and voluntarily made on his own accord. Finally, Crockett said that his attorney had counseled and assisted him in making his own decision and that he was satisfied with the advice that his attorney provided.

¶5. At his plea hearing, which was held on the same day that he executed the sworn petition, Crockett again acknowledged that he knowingly and voluntarily waived his rights. The State presented the facts about each crime as follows: on June 17, 2008, Crockett engaged in forcible sexual intercourse with Jane Smith[3] without her consent. Crockett and

---

[2] The petition provided that Crockett was waiving his Constitutional rights, including the right to a speedy and a public trial by jury; the right to see, hear, and cross-examine all witnesses called to testify; the right to use the power and process of the Court to compel the production of evidence, including the attendance of any witnesses in his favor; the right to have the presence and assistance of a lawyer at all stages of the trial and any appeal; the right to challenge the composition of the grand jury that indicted him; the right to testify in his own defense; and the right to a jury verdict of all twelve jurors before he could be found guilty.

[3] To protect the interests of the victims, the Court of Appeals has replaced their names with fictitious names.

two of his friends took her parked car at gunpoint and told her male passenger to walk across a ball field. They then forced Jane into their vehicle and took her to an abandoned house. There, Crockett and his friends continued to hold the victim at gunpoint and forced her to perform multiple sexual acts at an abandoned house. A week later, on June 24, 2008, Crockett and the two men engaged in forcible sexual intercourse with Ann Jones without her consent. They broke into her home, forced her to perform sexual acts in the presence of her minor children, and robbed her. Crockett's DNA was identified in the rape kits performed on both Jane and Ann. At the plea hearing, Crockett stated on the record that these facts were accurate. In its presentation, the State also explained the elements of each crime. Crockett then stated that he knowingly and voluntarily pleaded guilty to all charges. The circuit court accepted Crockett's pleas of guilty.

¶6.    On November 16, 2011, the circuit court held Crockett's sentencing hearing. Both victims appeared at the hearing and gave their victims' impact statements. Jane testified that her life had been changed forever, that she was paranoid, and that she could not go outside or be in a house by herself. Ann testified that she was in her bed with her three-year-old child and five-year-old child when she was awoken by Crockett's cigarette lighter. Crockett took Ann from her bed at gunpoint into a "front room" where two other men were present. After the men forced Ann to perform sexual acts, Ann testified that the men took her to her children's room because the children were still in her bedroom. She was able to get their gun and attempted to fire it to defend herself, but the gun would not fire. The men proceeded to rape Ann in front of one of the children who had woken. Crockett and the other two men

4

locked Ann and her children in the closet while they robbed her house. She testified that she still had nightmares and paranoia, that her children were traumatized, and that she never wanted them out of her sight.

¶7. The circuit court sentenced Crockett to thirty years' imprisonment for each rape conviction, thirty years' imprisonment for each sexual battery conviction, and ten years' imprisonment for the house-burglary conviction. Crockett's sentences were set to run concurrently and be served in the custody of the MDOC. None of his time was suspended.

¶8. More than six and a half years later, on May 18, 2018, Crockett filed a pro se PCR motion, arguing that his guilty pleas were involuntary and that he had been denied due process. Specifically, Crockett argued that he was not competent to understand the waiver of his constitutional rights when he pled guilty because he was only fifteen years old at the time when he committed the crimes and only had an eighth-grade education.[4] Crockett requested that an evidentiary hearing be held on the PCR motion to address the circumstances surrounding his guilty plea.

¶9. Crockett also filed a pro se motion for an evidentiary hearing on the PCR or motion in the alternative, an entry of judgment, granting the requested relief. In the motion, Crockett said that he was only fifteen when the crimes were committed and that he was improperly interrogated and coerced by several officers and his attorney to plead guilty. He attached a transcript of his interrogation by Officer Christopher Watkins and Officer Felix Hodge of the Hinds County Sheriff's Department on the night of his arrest. During the interrogation,

---

[4] Crockett alleged that the method used to determine that he understood his fundamental rights was insufficient but made no further argument supporting this allegation.

5

Crockett denied any wrongdoing.

¶10. The State did not respond to Crockett's PCR motion. On September 25, 2020, the circuit court ordered the district attorney to file an answer to Crockett's PCR motion within thirty days of the order. After the State still had not responded, the circuit court issued an amended order requiring a response by November 6, 2020. The State filed a response to Crockett's PCR motion on November 13, 2020, generally denying Crockett's claims. The State argued that the circuit court should deny both Crockett's PCR motion and his request for an evidentiary hearing because both motions were without merit.

¶11. The circuit court summarily denied Crockett's motions on December 14, 2020. The court found that Crockett's PCR motion was time-barred by the three-year statute of limitations. Additionally, the circuit court ruled that Crockett had not met the burden of proof needed to show that his plea was involuntary and that he had not sufficiently proved that an evidentiary hearing was necessary.

¶12. On January 4, 2021, Crockett appealed from only the circuit court's order denying his PCR motion, which also included a request for an evidentiary hearing.

## Standard of Review

¶13. Unless a circuit court's decision was clearly erroneous or an abuse of its discretion, the circuit court's denial or dismissal of a PCR motion will not be reversed. *Creppel v. State*, 305 So. 3d 1245, 1250 (¶10) (Miss. Ct. App. 2020). When reviewing issues of law, the proper standard of review is de novo. *Id.*

## Discussion

**Whether the circuit court erred by denying Crockett's PCR motion.**

¶14.    Unless a statutory exception is applicable, a PCR motion must be made, in the case of a guilty plea, within three years after entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2020). The statutory exceptions include (1) an intervening decision of either the United States Supreme Court or the Mississippi Supreme Court; (2) new evidence not reasonably discoverable at trial; or (3) an expired sentence or an unlawful revocation of parole, probation, or conditional release. *Id*. § 99-39-5(2)(a)(i), (b).

¶15.    Violations of four types of fundamental constitutional rights also survive PCR procedural time-bars: "(1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." *Putnam v. State*, 212 So. 3d 86, 92 (¶16) (Miss. Ct. App. 2016). Ineffective assistance of counsel can constitute an exception to the procedural bars in "extraordinary circumstances." *Chapman v. State*, 167 So. 3d 1170, 1173-75 (¶¶10-13) (Miss. 2015).

¶16.    "[M]ere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *Smith v. State*, 251 So. 3d 754, 755 (¶6) (Miss. Ct. App. 2018) (quoting *Williams v. State*, 158 So. 3d 1171, 1173 (¶4) (Miss. Ct. App. 2014)). A movant must provide sufficient evidence to support his claim. *Wheeler v. State*, 306 So. 3d 751, 758 (¶24) (Miss. Ct. App. 2020), *cert. denied*, 308 So. 3d 437 (Miss. 2020).

###### A.    *Time-Bar*

¶17.    Crockett filed his petition to plead guilty on November 2, 2011, and was sentenced

on November 16, 2011, but he did not file his PCR motion until May 18, 2018. Pursuant to Mississippi Code Annotated section 99-39-5(2), a PCR motion after a guilty plea must be made within three years after entry of the judgment of conviction unless there is a statutory exception. The circuit court found that Crockett had not met his burden of demonstrating that the claims in his PCR motion were not procedurally barred. We agree.

¶18. We are bound by the appellate precedent that the claim of an involuntary guilty plea is subject to the procedural time-bar. This Court has held that although such a claim involves fundamental constitutional rights, that claim is not excepted from the time-bar. *Goul v. State*, 223 So. 3d 813, 815 (¶6) (Miss. Ct. App. 2017); *see also Kirk v. State*, 798 So. 2d 345, 346 (¶¶4-6) (Miss. 2000); *Gaulden v. State*, 240 So. 3d 503, 507 (¶9) (Miss. Ct. App. 2018). In this case, Crockett filed his PCR motion, claiming that his guilty plea was involuntary, six and a half years after he was sentenced. Therefore, the circuit court properly found that Crockett's motion was time-barred.

### B.     Involuntary-Plea Claim

¶19. Notwithstanding the time-bar, we will address the merits of Crockett's claims. Crockett argues that his guilty plea was involuntary because of his age. He claims that he did not comprehend he was waiving his fundamental rights.

¶20. "A guilty plea is binding where it is entered voluntarily, knowingly, and intelligently." *Collins v. State*, 311 So. 3d 1285, 1290 (¶12) (Miss. Ct. App. 2021) (quoting *Hill v. State*, 60 So. 3d 824, 828 (¶11) (Miss. Ct. App. 2011)), *cert. denied*, 324 So. 3d 802 (Miss. 2021). "In order for a guilty plea to be considered knowing and voluntary, the defendant must know

the elements of the charge against him." *Nance v. State*, 309 So. 3d 1097, 1105 (¶39) (Miss. Ct. App. 2020) (quoting *Gazzier v. State*, 744 So. 2d 776, 778 (¶3) (Miss. 1999)), *cert. denied*, 309 So. 3d 452 (Miss. 2021).

¶21. A defendant also must be informed of the nature and factual basis of the charges against him and the consequences of his plea. *Tucker v. State*, 294 So. 3d 690, 696-97 (¶13) (Miss. Ct. App. 2020) (quoting *Thompson v. State*, 990 So. 2d 265, 267-68 (¶4) (Miss. Ct. App. 2008)). This Court has stated that a factual basis for a criminal charge may be established in several ways, including

> [a] statement of the prosecutor, the testimony of live witnesses, and prior proceedings, as well as an actual admission by the defendant although it is not necessary that the factual basis be established with words spoken from the defendant's own mouth.

*Nance*, 309 So. 3d at 1105 (¶40) (quoting *Turner v. State*, 864 So. 2d 288, 292 (¶17) (Miss. Ct. App. 2003)). "An affirmative confession to the charge is sufficient for establishing a factual basis." *Id*. (quoting *Boyd v. State*, 253 So. 3d 933, 936 (¶9) (Miss. Ct. App. 2018)). "Further, a bare admission of guilt is enough to consider a guilty plea valid." *Id*. The most significant evidence of all in "assessing the voluntariness of a plea [is] the thoroughness of the trial court's interrogation during the plea colloquy." *Wood v. State*, 291 So. 3d 830, 841 (¶35) (Miss. Ct. App. 2020) (quoting *Haney v. State*, 281 So. 3d 84, 89 (¶14) (Miss. Ct. App. 2019)).

¶22. In this case, Crockett acknowledged that he was voluntarily pleading guilty and waiving his rights when he signed his sworn petition, which included a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right against

self-incrimination.  Additionally, at his plea hearing, Crockett reiterated that he voluntarily

waived his rights in the following colloquy:

COURT:          Do you understand that you are waiving your right
                against self-incrimination as guaranteed by your Fifth
                Amendment to the United States Constitution?

CROCKETT:       Yes.

COURT:          You've waived your right of appeal and you waived your
                right to a trial.  Do you understand those waivers?

CROCKETT:       Yes, sir.

COURT:          Okay.  That during the course of this trial you'd have an
                opportunity to cross-examine all the witnesses that the
                State of Mississippi would put on behalf of their case.
                Do you understand that you are waiving your right of
                confrontation - -

CROCKETT:       Yes, sir.

COURT:          - - or cross-examining those witnesses?

CROCKETT:       Yes, sir.

Furthermore, Crockett stated that he was not coerced into pleading guilty and that he

knowingly and voluntarily waived his rights:

COURT:          Mr. Crockett, has anybody promised you anything,
                threatened you in any way or otherwise coerced you to
                get you to enter a guilty plea in this case?

CROCKETT:       No, sir.

COURT:          Are you telling me under your oath as you stand here
                today that if you enter a guilty plea it's going to be your
                free, knowing, voluntary act after having been fully
                advised of the consequences of the entry of the guilty
                plea and also acknowledging that the Court has advised

10

|           |                                                                                   |
|-----------|-----------------------------------------------------------------------------------|
|           | you of the waiver of your rights and the consequences of the waiver of those rights by the entry of a guilty plea; is that correct? |
| CROCKETT: | Yes, sir.                                                                          |
| COURT:    | Have you been advised, sir, the minimum and maximum sentences that I can impose on you? |
| CROCKETT: | Yes, sir.                                                                          |
| COURT:    | Tell me about them. What's the maximum you could get?                             |
| CROCKETT: | *It's two - - two life sentences plus thirty. Two life sentences plus thirty.*    |

(Emphasis added). It is clear from the colloquy that Crockett understood that he voluntarily entered the guilty plea and waived his fundamental rights. He himself stated that he was facing two life sentences plus thirty years and that his DNA was found in both victims' rape kits. Although Crockett was fifteen years old when he committed the crimes, he was eighteen years old when he chose to plead guilty. He presented no evidence of mental incapacity.

¶23. Moreover, at the time of his plea, the prosecutor's statement provided a factual basis for the charges and an explanation of the elements of each crime, to which Crockett agreed. At the sentencing hearing, the victims testified about what had occurred, and they identified Crockett as the perpetrator. Both Jane and Ann stated that they were raped and sodomized by Crockett and his companions. Crockett apologized to the victims, which was a further admission of guilt. Additionally, there is no merit to Crockett's claim that an officer coerced him during his post-arrest interrogation. Crockett was questioned about his whereabouts on

the night of both rape crimes and whether he committed those crimes. Crockett denied that he committed any crimes and denied that he was at the scene when the crimes were being committed. The transcript showed that the officers never attempted to coerce Crockett to plead guilty at the time of the arrest or during his interrogation.

¶24. Considering all the evidence that Crockett submitted, there is an overwhelming factual basis in the record that Crockett understood that he was knowingly, intelligently, and voluntarily waiving his fundamental constitutional rights. Therefore, even if the time-bar did not apply, the circuit court properly denied Crockett's PCR motion.

### C. Request for Evidentiary Hearing

¶25. In his PCR motion, Crockett argued that he was entitled to an evidentiary hearing. Crockett stated that he wanted to present evidence of the circumstances surrounding his guilty plea. But he did not specify why an evidentiary hearing was necessary. The State filed its answer to Crockett's PCR motion, denying that Crockett was entitled to an evidentiary hearing because his PCR motion was without merit.

¶26. "A trial court enjoys wide discretion in determining whether to grant an evidentiary hearing." *Williams v. State*, 4 So. 3d 388, 392 (¶11) (Miss. Ct. App. 2009). "A post-conviction claim for relief is properly dismissed without the benefit of an evidentiary hearing where it is manifestly without merit." *Id*. (quoting *Holland v. State*, 956 So. 2d 322, 326 (¶7) (Miss. Ct. App. 2007)). "The right to an evidentiary hearing is not guaranteed." *Dearman v. State*, 910 So. 2d 708, 710 (¶5) (Miss. Ct. App. 2005). Mississippi Code Annotated section 99-39-19(1) (Rev. 2020) provides that the trial judge has discretion in deciding

12

whether to convene an evidentiary hearing if the motion is not dismissed at a previous stage of the proceeding. Caselaw explains, "After the State's answer is filed . . . , the judge shall, upon a review of the record, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice shall require." *Bolton v. State*, 243 So. 3d 796, 804 (¶33) (Miss. Ct. App. 2018) (citing Miss. Code Ann. § 99-39-19(1)). Moreover, "no hearing is required when, based on the record of the guilty plea hearing, it is clear that the petitioner is entitled to no relief." *Bias v. State*, 245 So. 3d 534, 539 (¶17) (Miss. Ct. App. 2017) (quoting *Pepper v. State*, 96 So. 3d 780, 785 (¶15) (Miss. Ct. App. 2012)). In addition, "to be entitled to an evidentiary hearing, a [defendant] must demonstrate, by affidavit or otherwise, that there are unresolved issues of fact that, if concluded favorably to the [defendant], would warrant relief. This may not be accomplished through [the defendant's] own unsupported allegations." *Huggins v. State*, 291 So. 3d 401, 405 (¶12) (Miss. Ct. App. 2020).

¶27.    In the case at bar, Crockett contends that the court erred in failing to give him an evidentiary hearing. However, Crockett failed to demonstrate that there were facts he would have presented that would warrant relief. He attached the transcript of his interrogation with officers on the night of his arrest. Crockett argued those officers and his attorney coerced him to plead guilty. But the transcript reveals no coercion. On the contrary, Crockett denied his involvement in the crimes to the officers. At no time did he admit to his crimes until he pled guilty. Crockett presented no other evidence that the officers who conducted the interrogation or any other person coerced Crockett to plead guilty. In fact, Crockett stated

in his petition to plead guilty and at his plea hearing that his attorney properly advised him of the consequences of pleading guilty, that he was satisfied with his attorney's performance, and that no one coerced him to plead guilty. Crockett presented nothing in the PCR pleadings to contradict this evidence. Because the circuit court has the discretion to determine whether an evidentiary hearing is necessary, and because Crockett's PCR motion was without merit, the circuit court properly denied Crockett's request for an evidentiary hearing.

### Conclusion

¶28. Finding Crockett's PCR motion to be procedurally barred, with no exceptions to the time-bar, we affirm the circuit court's order.

¶29. **AFFIRMED.**

**CARLTON, P.J., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. BARNES, C.J., AND WILSON, P.J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**