# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-00958-COA

**MARCUS D. MALONE A/K/A MARCUS MALONE**        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/01/2022 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | ATTALA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARCUS D. MALONE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/28/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McDONALD AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1. On September 12, 2018, Marcus Malone pled guilty to two counts of second-degree murder and one count of aggravated assault. On August 31, 2021, Malone filed a motion for post-conviction collateral relief (PCR) arguing that his guilty pleas were involuntary, that he was denied a formal competency hearing, and that he received ineffective assistance of counsel during the guilty-plea proceedings. The circuit court denied Malone's PCR motion. Malone appeals the circuit court's denial. Finding no error, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

¶2. On November 12, 2016, Malone shot and killed Zachary Flanagan and Labrandice Harvey. He also shot and caused serious bodily injury to a bystander, named Stephanie

Snow. On August 8, 2017, Malone was indicted by an Attala County grand jury for two counts of first- degree murder and one count of aggravated assault.[1]

¶3. On August 27, 2018, Malone's counsel filed a "Petition for Psychiatric Examination." On August 30, 2018, the circuit court ordered that Malone undergo a mental evaluation. On September 1, 2018, Malone was examined by Dr. Criss Lott, a clinical and forensic psychologist.

¶4. On September 10, 2018, Dr. Lott provided a written report to the court, concluding that Malone had "sufficient present ability to confer with his attorney with a reasonable degree of rational understanding and he has a factual and rational understanding of the nature and object of the legal proceedings against him." Dr. Lott further opined that Malone understood the charges against him and appreciated "the possible penalty he could receive if convicted" and that he understood "his right to a trial and to testify, and he appeared to have an adequate understanding of the plea process."

¶5. On September 12, 2018, Malone filed a petition to enter pleas of guilty to two counts of second-degree murder and one count of aggravated assault. In the plea petition, Malone asserted his lawyer had "advised [him] as to the probabilities of [his] conviction on the charges with which [he was] charged and thoroughly discussed all aspects of [his] case with [him]." Malone stated further that his attorney had "made no threats or promises of any type or kind to induce [him] to enter this plea of guilty, and the decision to seek the entry of this

---

[1] The first-degree murder charges were brought under Mississippi Code Annotated section 97-3-19(1)(a) (Supp. 2015), and the aggravated assault charge was brought under section 97-3-7(2)(a)(ii) (Supp. 2016).

plea was [his] own and [his] alone, based on [his] own reasons and free from any outside coercive influences." The petition further addressed Malone's possible sentencing and provided the following:

> I know that if I plead Guilty to this charge, the possible sentence on Counts I and II with which I am charged is Life in prison and one (minimum) to twenty (maximum) years on Count III. The maximum sentence on Second Degree Murder is a minimum of twenty years and a maximum of forty years in custody and a $10,000.00 fine.

The petition further provided that Malone understood that "the sentence is up to the [c]ourt" and "that the [c]ourt is not required to follow the recommendation of the District Attorney, if any." The petition further provided:

> On or about November 12, 2016, in Attala County, MS, while acting in a manner eminently dangerous to others, but without premeditated design, and while acting with a depraved heart, I shot and killed Zachary Flanagan and Labrandice Harvey, and further while committing these acts, I also shot and caused serious bodily injury to a bystander, Stephanie Snow.

¶6. The petition then listed the Constitutional guarantees waived by the entry of a guilty plea. Malone stated he "hereby waive[d] them and renew[ed] [his] desire to enter a plea of Guilty." The petition further indicated that Malone believed his lawyer had done "all that anyone could do to counsel and assist [him,]" and he was "SATISFIED WITH THE ADVICE AND HELP" he was given.[2] The petition also included the following typed statement:

> I OFFER MY PLEA OF GUILTY FREELY AND VOLUNTARILY AND OF MY OWN ACCORD AND WITH FULL UNDERSTANDING OF ALL THE MATTERS SET FORTH IN THE INDICTMENT AND IN THIS PETITION

---

[2] The words "satisfied with the advice and help" of his attorney were capitalized in the plea petition.

AND IN THE CERTIFICATE OF MY LAWYER WHICH FOLLOWS.

¶7. The circuit court held a plea hearing on the same day the plea petition was signed. At that hearing, the circuit court first conducted a competency hearing. Malone's counsel reminded the court that Dr. Lott had examined Malone and found him competent. Defense counsel then introduced a copy of Dr. Lott's report as an exhibit and asked to stipulate that Malone was competent to proceed. Defense counsel stated that Dr. Lott's presence at the hearing was not required.[3] The circuit judge found that "[b]ased upon the report of Dr. Lott, . . . the [c]ourt does hereby find at this time, after evaluating the written report as submitted to this [c]ourt and also having observed Mr. Malone as an individual here in my court, I find that the competency of Mr. Malone to proceed is hereby granted and sustained."

¶8. During the plea colloquy, when the circuit judge asked if Malone had any problems comprehending information that was stated or given to him, he stated, "No, sir." When asked if he was then under the influence of drugs or alcohol, Malone stated he was taking "psychological medication" prescribed to him but that he was not under the influence of any other drugs or alcohol. The circuit judge then asked Malone about his guilty-plea petition, and the following exchange occurred:

THE COURT:          Okay. Mr. Malone, now, you've tendered the [c]ourt a petition to change your plea of one of not guilty to one of guilty. Have you read over that petition?

THE DEFENDANT:      Yes, sir.

---

[3] The transcript indicates a competency hearing had been scheduled for the following week, but because Dr. Lott found Malone to be competent, and because Malone decided to plead guilty, this formal hearing, with testimony, did not occur.

4

| | |
|---|---|
| THE COURT: | Did your attorney go over the petition with you? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Did you and he take time to discuss every aspect of it? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Now, do you have any questions of the [c]ourt or questions about the contents of that petition? |
| THE DEFENDANT: | No, sir. |

The judge then went over each of Malone's constitutional rights, and when asked if he understood that he would be waiving those rights, Malone stated, "Yes, sir." When asked if anyone offered Malone "any reward or hope of reward in order to get him to enter this plea of guilty," Malone stated, "No, sir." Furthermore, when asked if "anyone threatened [him] or coerced [him] in any way in order to get [him] to enter a plea of guilty," Malone replied, "No, sir." Malone's attorney then interrupted and stated, "I would also state that Mr. Malone has been advised that under the current law . . . this is a day-for-day crime, meaning a **40-year sentence minus what he had served previously awaiting trials in this matter, he would have to serve every day of that sentence**." (Emphasis added). When asked if Malone understood this, he stated, "Yes, sir."

¶9.    The circuit judge then asked Malone if he was "totally and completely satisfied with the services of [his attorney]," to which Malone responded, "Yes, sir." Finally, the circuit judge asked Malone, "Are you pleading guilty here this afternoon because you are, in fact, guilty of the charges as related?" Malone responded, "Yes, sir." The court then made an on-

the-record finding that Malone's pleas were "freely, knowingly, voluntarily, [and] intellectually made." The circuit court sentenced him to serve forty years in the custody of the Mississippi Department of Corrections for each second-degree murder conviction and to serve twenty years for the aggravated assault conviction, set to run concurrently.

¶10. On August 31, 2021, Malone filed a PCR motion seeking to vacate his guilty pleas to the second-degree murder counts and aggravated assault. Malone claimed that his pleas were involuntary, that the trial court failed to conduct a formal competency hearing, and that he received ineffective assistance of counsel. Malone's motion was supported by his own sworn affidavit. The affidavit provided that on Malone's second or third visit with his attorney, his attorney told him:

> [T]here wasn't much he could do besides get me a plea, which at that time was two (2) life sentences for the murders and twenty (20) years for the Aggravated Assault charge. He said if I took it they would be together (meaning concurrent) and I would maybe or maybe not get parole, but that I had a chance of living to get out of prison. On that occasion, I asked about pleading to manslaughter and [my attorney] replied, he would try. On our next visit, [my attorney] stated to me that the District Attorney would accept a plea deal for manslaughter, twenty years each count and twenty years for Aggravated Assault (if both victim's families agreed).

The affidavit further provided:

> [O]ur next occasion was at the courthouse for a motion to suppress some evidence but ended up with a request for a psychiatric evaluation that was granted by the judge. Our next encounter was in court for a mental competency hearing supposedly, but that hearing was waived by [my attorney]. And when I asked why? He told me that it wasn't necessary since I was pleading guilty. Anyway, I ended up entering guilty pleas to two counts of Second Degree Murder and one count of Aggravated Assault (on the advice of counsel).

¶11. Malone's PCR motion also included an affidavit signed by Malone's mother, Lula

6

Malone. Lula stated that Malone's attorney told her that the families of the victims were "pushing for more of a life sentence and that it would be best that [Malone] take the plea that he is offering to him instead." She stated Malone's attorney was telling her to talk with Malone about the forty-year plea bargain and "get him to take that offer instead of letting [Malone] decide on his own." She felt that she was being "pushed into making a decision for [her] son that resulted in him getting 40 years day to day without parole." She further felt she was being swayed to convince her son to accept the plea bargain. She claimed that Malone was "heavily medicated," "sedated," and "confused" at the time of his plea.

¶12. On September 1, 2022, the circuit court denied Malone's PCR motion. The court found that Malone was incorrect in his assertion that a competency hearing was not conducted. The court found that "[t]he issue of his competency was considered by the court simultaneously with the entry of his guilty plea," and, consequently, "he is not entitled to post-conviction relief on this issue." The circuit court considered Malone's assertion that he received ineffective assistance of counsel because his attorney failed to seek a competency hearing prior to the acceptance of his guilty pleas. The court held that "a competency hearing was conducted." As to Malone's argument that his attorney was ineffective because he failed to obtain a mitigation expert, the court found that Malone failed to show how he was entitled to a mitigation expert. The court held that Malone failed to show that his counsel was ineffective under the test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the circuit court denied Malone's PCR motion.

¶13. Malone asserts four issues on appeal. He claims the circuit court abused its discretion

7

by denying his PCR motion because (1) his pleas were involuntarily made, (2) his guilty pleas were involuntary due to his incompetence, (3) the circuit court failed to conduct a formal competency hearing, and (4) he received ineffective assistance of counsel during the guilty plea proceedings. We have combined these issues and address them in two parts.

## STANDARD OF REVIEW

¶14. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Buchanan v. State*, 356 So. 3d 1263, 1266 (¶8) (Miss. Ct. App. 2023) (quoting *Boyd v. State*, 65 So. 3d 358, 360 (¶10) (Miss. Ct. App. 2011)).

## ANALYSIS

### I.      Voluntariness and Factual Basis of Pleas

¶15. Malone first avers that his guilty pleas are invalid because they were not voluntarily and intelligently entered. Specifically, Malone points to his incompetence and the lack of a factual basis.

¶16. "Our standard of review for considering the voluntariness of a guilty plea is well-settled. 'This [C]ourt will not set aside findings of a trial court unless such findings are clearly erroneous.'" *Holland v. State*, 956 So. 2d 322, 327 (¶11) (Miss. Ct. App. 2007) (quoting *Swindoll v. State*, 859 So. 2d 1063, 1065 (¶9) (Miss. Ct. App. 2003)). Mississippi Rule of Criminal Procedure 15.3(c) provides:

> Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis

for the plea. A plea is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.

We will first address Malone's alleged incompetence and whether a factual basis for his pleas existed.

### A. Malone's Alleged Incompetence

¶17. Malone claims that the circuit court erred in finding him competent to enter the guilty pleas. "This Court will not overturn a trial court's finding that a defendant is competent to stand trial unless such finding was 'manifestly against the overwhelming weight of the evidence.'" *Beasley v. State*, 136 So. 3d 393, 398 (¶13) (Miss. 2014) (quoting *Martin v. State*, 871 So. 2d 693, 698 (¶17) (Miss. 2004)). "The standard of competency necessary to enter a plea of guilty is the same as that for determining competency to stand trial." *Wood v. State*, 291 So. 3d 830, 843 (¶40) (Miss. Ct. App. 2020). When a defendant has the ability to perceive and understand the nature of the proceedings, to communicate rationally with the defendant's attorney about the case, to recall relevant facts, and to testify in the defendant's own defense, he is deemed mentally competent to stand trial. *Vanwey v. State*, 55 So. 3d 1133, 1136 (¶6) (Miss. Ct. App. 2011).

¶18. In Mississippi, there is a presumption of mental competency, and the burden of proof "rests on the defendant to prove that he is mentally incompetent to stand trial." *Robinson v. State*, 301 So. 3d 577, 580 (¶15) (Miss. 2020). Mississippi Rule of Criminal Procedure 12.5 provides:

> After submission of the reports, the court, upon its own motion or the motion of any party, shall promptly hold a hearing to determine the defendant's

competency. The parties may introduce other evidence regarding the defendant's mental condition or, by stipulation (either written or stated on the record in open court), submit the matter on the experts' reports.

MRCrP 12.5(a). The comments to Rule 12.5 state, "Under Rule 12.5(a), upon the court's own motion or the motion of any party, a competency hearing shall be conducted. But in the absence of such motion, a hearing is permissible, but not mandatory. **This represents a departure from practice under former Rule 9.06 of the Uniform Rules of Circuit and County Court**." (Emphasis added). "[T]he presence of a mental illness, defect, or disability alone is not grounds for finding a defendant incompetent to stand trial." *Moore v. State*, 287 So. 3d 189, 197 (¶24) (Miss. 2020) (quoting MRCrP 12.1). "The circuit judge is in the best position [to] view the evidence and to 'observe the demeanor and behavior of the defendant.'" *Dillon v. State*, 75 So. 3d 1045, 1051 (¶18) (Miss. Ct. App. 2010) (quoting *Richardson v. State*, 722 So. 2d 481, 486 (¶24) (Miss. 1998)).

¶19. Malone alleges that he was incompetent to enter a guilty plea because he "has a very low IQ, cannot comprehend well and has previously been evaluated by Weems Community Mental Health Center, [and has been] diagnosed and treated for paranoid schizophrenia and other depressive mood disorders." The circuit court, on request by defense counsel, ordered a psychological examination by Dr. Lott. Dr. Lott's report determined that Malone had an unspecified mood disorder, borderline intellectual functioning, and specific learning disorders with impairment in reading. The presence of these "defects," however, is not alone determinative of the question of competency. Dr. Lott opined that Malone had a "sufficient present ability to confer with his attorney with a reasonable degree of rational understanding

10

and he [had] a factual and rational understanding of the nature and object of the legal proceedings against him." The circuit court properly considered Dr. Lott's findings, together with Malone's "demeanor" in the courtroom when the court determined he was competent to proceed. The issue of his competency is without merit.

### B.      Alleged Denial of Formal Competency Hearing

¶20.    Malone further asserts the circuit court erred by denying him a competency hearing. Malone is incorrect in his assertion that a competency hearing was mandatory in his case. *Pitchford v. State*, 240 So. 3d 1061 (Miss. 2017), overruled a line of cases that had taken a "hypertechnical interpretation" of former Rule 9.06, *see supra* ¶18, and that had mandated a competency hearing anytime a competency evaluation was ordered. *Id.* at 1068 (¶38). Even so, the record indicates the circuit judge listened to Malone's attorney on the competency issue, received into evidence the report of Dr. Lott who had examined Malone for competency, and then read that report before finding Malone competent. The circuit court therefore held a competency hearing by admitting Dr. Lott's report by stipulation, which is permitted. MRCrP 12.5(a). Further, the court considered Malone's demeanor in the courtroom when making this determination during the hearing on the competency issue. In the circuit court's order denying Malone's PCR motion on this issue, the court opined that "[t]he hearing may not have been as comprehensive as Malone believes it should have been, but the issue of his competency was definitely considered and addressed by the court before his guilty plea was accepted." We agree. Malone's guilty pleas were entered into after a competency hearing was conducted and considered by the court. This issue is without merit.

### C.    Factual Basis for Guilty Plea

¶21.    Malone next claims that there was an insufficient factual basis for his pleas. The State must provide a factual basis for the crimes charged, and such factual basis must be "sufficiently specific" so "the court [can] determine that the defendant's conduct was within the ambit of that defined as criminal." *Austin v. State,* 734 So. 2d 234, 236 (¶7) (Miss. Ct. App. 1999) (quoting *Lott v. State*, 597 So. 2d 627, 628 (Miss. 1992)). An affirmative confession to the charge is sufficient for establishing a factual basis. *Boyd v. State*, 253 So. 3d 933, 936 (¶9) (Miss. Ct. App. 2018). Further, a "bare admission of guilt" is enough to consider a guilty plea valid. *Gazzier v. State*, 744 So. 2d 776, 779 (¶7) (Miss. 1999).

¶22.    Here, Malone stated the following in his guilty plea petition:

> On or about November 12, 2016, in Attala County, MS, while acting in a manner eminently dangerous to others, but without premeditated design, and while acting with a depraved heart, I shot and killed Zachary Flanagan and Labrandice Harvey, and further while committing these acts, I also shot and caused serious bodily injury to a bystander, Stephanie Snow.

At his plea hearing, Malone admitted he had signed the plea petition and reviewed it with his attorney. Further, at the plea hearing, the State explained that Malone was charged with shooting Harvey and Flanagan and causing both individuals' deaths and with shooting and causing "bodily injury to Stephanie Snow." Immediately following that recitation of facts, the judge asked Malone if he was "pleading guilty here this afternoon because" he was, "in fact, guilty of the charges" against him. Malone answered in the affirmative. This was enough to satisfy the requirement for a guilty plea's factual basis. "[I]f sufficiently specific, an indictment or information can be used as the sole source of the factual basis for a guilty

12

plea." *Drake v. State*, 823 So. 2d 593, 594 (¶6) (Miss. Ct. App. 2002). Mississippi courts have repeatedly found the reading of an indictment to be sufficient to prove a factual basis for a guilty plea. *See Boddie v. State*, 875 So. 2d 180, 183 (¶8) (Miss. 2004) (holding there was a factual basis to support the defendant's guilty plea where the defendant had admitted his guilt to the crime alleged in the indictment); *Williams v. State*, 110 So. 3d 840, 844 (¶19) (Miss. Ct. App. 2013) ("After the indictment was read, Williams admitted his guilt on both the armed-robbery and aggravated-assault charges. From this, we find the record contains an adequate factual basis to support Williams's guilty pleas."). Malone's argument as to a lack of a factual basis is without merit.

## II.     Ineffective Assistance of Counsel

¶23.    Malone last argues his attorney was ineffective in waiving the competency hearing. Further, he argues that his attorney was ineffective when he failed to obtain the services of a mitigation specialist. A claim of ineffective assistance of counsel requires proof (1) that counsel's performance was objectively deficient and (2) that the defendant suffered prejudice as a result. *Strickland*, 466 U.S. at 687. If either prong of *Strickland* is not met, the claim fails. *Havard v. State*, 928 So. 2d 771, 781 (¶8) (Miss. 2006). "A voluntary guilty plea waives claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Thomas v. State*, 159 So. 3d 1212, 1215 (¶14) (Miss. Ct. App. 2015) (internal quotation marks omitted). "Thus, to obtain post-conviction relief, a petitioner who pled guilty must prove that his attorney's ineffective performance proximately caused the plea—i.e., that but for counsel's errors, the

petitioner would not have entered the plea." *Worth v. State*, 223 So. 3d 844, 849 (¶17) (Miss. Ct. App. 2017). "This requires proof beyond the petitioner's own conclusory assertions." *Id*. at 849-50 (¶17). Malone's claims as to ineffective assistance of counsel will be discussed in two points.

### A.     Waiver of Competency Hearing

¶24.    Malone claims his attorney was ineffective in waiving the competency hearing. At the plea hearing, defense counsel stated, "[W]e would waive [Dr. Lott's] presence for the . . . necessity of a competency hearing and stipulate to this matter that Mr. Malone is, in fact, competent to move forward in this matter . . . ." Dr. Lott's report clearly relayed that Dr. Lott had found Malone legally competent to proceed.

¶25.    Further, the trial found, and we agree, that an on-the-record competency hearing *was* conducted. Defense counsel's waiver of Dr. Lott's presence was not a waiver of the competency hearing as Malone contends. Malone's PCR motion failed to adequately show any deficiency in his attorney's performance. Accordingly, the first prong of the *Strickland* test was not met, and Malone's claim "fails" and is without merit. *Havard*, 928 So. 2d at 781 (¶8).

### B.     Mitigation Specialist

¶26.    Malone next contends that his attorney was deficient in failing to hire a mitigation specialist. In Malone's petition for a psychiatric evaluation, defense counsel requested that Dr. Lott direct his investigation to, among other areas, "any mitigating circumstances; especially whether the offense with which the Defendant is charged was committed while he

14

was under the influence of extreme mental or emotional disturbance; and whether his capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired . . . ." Determining whether to hire a mitigation specialist is reasonable trial strategy. *See Ambrose v. State*, 323 So. 3d 482, 490-91 (¶¶28-31) (Miss. 2021). Hiring a mitigation specialist is not a requirement for effective assistance. *See State v. McGuire*, 686 N.E.2d 1112, 1120 (Ohio 1997). Further, there is no "per se rule that trial counsel is ineffective at mitigation unless a particular type of expert is retained." *Carter v. Mitchell*, 443 F.3d 517, 527 (6th Cir. 2006).

¶27. Here, defense counsel *did* in fact obtain a mitigation expert. Defense counsel moved for Malone to have a psychological evaluation, which the circuit court granted. The court then ordered Dr. Lott, a long-standing and well-respected psychologist, to conduct an investigation into any mitigating circumstances. After moving for a psychological examination of Malone, defense counsel obtained the written report from Dr. Lott and moved that the report be admitted into evidence before the court, which would determine Malone's ultimate sentence. Further, it was clear from Dr. Lott's report that Malone refused to speak to him about his mental state at the time of the crimes. Malone cannot now assert that his attorney was ineffective for not obtaining mitigation evidence when he failed to discuss parts of his potentially mitigating past with the psychological expert that his attorney obtained to investigate such evidence. Dr. Lott's report discussed Malone's mental health records and his Attala County school records. Further, Dr. Lott discussed Malone's background, his educational and employment history, his developmental history, and his family and mental

15

health issues, and Dr. Lott conducted numerous diagnostic tests, all of which were reported. Defense counsel also reviewed Malone's medical records from Weems Community Health Center. *See Ronk v. State*, 267 So. 3d 1239, 1272 (¶139) (Miss. 2019) (finding that moving for a psychological evaluation and acquiring medical records constituted a mitigation investigation). The circuit court had all this information when sentencing Malone for killing two people and wounding another. This issue is without merit.

## CONCLUSION

¶28. This Court finds that Malone entered his guilty pleas voluntarily. The trial court considered the issue of his competency and made an on-the-record determination of competency based on the evidence, and no reversible error resulted. Finally, his attorney's performance was not deficient under the first prong of our test for ineffective assistance of counsel claim. Accordingly, we affirm the circuit court's order denying Malone's PCR motion.

¶29. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, McDONALD, SMITH AND EMFINGER, JJ., CONCUR. WILSON, P.J., WESTBROOKS AND McCARTY, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**